

IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
(THIRTEENTH JUDICAL DISTRICT)

**FILED**
**BUTLER COUNTY**
**DISTRICT COURT**

2022 JUL 28  AM II: 04

| | |
|---|---|
| ROBERT D. BLAUROCK, | |
| Plaintiff/Petitioner; | |
| v. | |
| SOUTHWIND SURGICAL GROUP; | |
| BRANDON S. CUNNINGHAM, M.D.; | |
| ALAINA D. DRESSLER, P.A.; | Case No. 22-CV-173 |
| BARD DAVOL INC.; | |
| CORIZON LLC., CORIZON INC.; | |
| CENTURION HEALTH CARE | |
| PROVIDER/K.D.O.C.; | Petition Pursuant to K.S.A. |
| Defendants/Respondents. | Chapter 60 |

## MEDICAL MALPRACTICE TORT
### Under K.S.A. § 60-513(7)(c).

COMES NOW, the plaintiff/petitioner Robert D. Blaurock; pro se; in the above captioned case matter; hereby asks this Court to grant him this foregoing Medical Malpractice Tort Claim. The plaintiff states as follows:

1.  I Robert D. Blaurock; am the plaintiff in the above named case matter, seeking $ 200,000. due to injury. K.S.A. 60-208.

2.  Plaintiff suffered an injury which required a secondary or revision surgical procedure, made necessary to correct errors that occurred at the time of the original November 02, 2018, double, s/p bilateral open inguinal hernia repair; with mesh.

3.  Plaintiff alleges that:

(a)  Brandon S. Cunningham, M.D. and Alaina D. Dressler, P.A.

incorrectly installed into the plaintiff's left side, lower abdomen: 1 Plug Marlin Perfix Mesh, X-Large, Id. Bard Mesh Perfix Plug [Ref] 0122780; Lot HUBX 1127; expiration date 10/28/22, said mesh did tear loose; resulting in pain and suffering to the plaintiff; **or**

(b)    Davol Inc., 100 Crossing Boulevard, Warwick, Rhode Island 02886, Telephone No. 1-800-556-6275 manufactured a defective product, 1 Plug Marlin Perfix Mesh, X-Large; Id. Bard Mesh Perfix Plug [Ref] 0122780; Lot HUBX 1127; expiration date 10/28/22, sold that particular mesh to: an insurance buyer's group, hospital; physician or other unknown retail vendor; which later became installed into the plaintiff on 11/02/18; to which that product did tear loose; causing plaintiff internal pain and suffering.

(c)    The defendant's: Southwind Surgical Group, Brandon S. Cunningham, M.D.; Alaina D. Dressler, P.A.; Davol Inc.; Corizon LLC./Corizon Inc.; and the Chief Physician for the State of Kansas/K.D.O.C. could have foreseen or should have foreseen a probability of mesh failure.

(d)    Injury to the plaintiff, a secondary surgery; could have and should have been avoidable had greater quality controll and inspection by said defendant's been taken.

4.    Plaintiff now lives in fear that the right side inguinal hernia mesh, Id. 1 Plug Marlin Perfix Mesh, X-Large; Bard Mesh Perfix Plug [Ref] 0112780, Lot HUCT 2077, expiration date of 06/23/23, will also tear loose internally; and necessitate another repair surgery. **Available Supporting Exhibits Attached.**

2.

5.   The original procedure was performed at the Hays Medical
Center, Southwind Surgical Group, 2500 Canterbury Drive, Hays
Kansas 67601; a division of the University of Kansas Health
Care System. Telephone (785)-623-5945, Fax. (785)-643-5949.

6.   The surgeon(s) that performed the procedure are Brandon S.
Cunningham M.D., assistant Alaina D. Dressler P.A.; anesthetist
David C. Bose. To the best of defendant's knowledge, Dr.Brandon
Cunningham's main office or location is at the Phillips County
Hospital, 1150 State Street; Phillipsburg, Kansas 67661. Tele.
(785)-623-5945 or (785)-543-5226. No other address is known
for Alaina D. Dressler, P.A.

7.   The (surgical mesh) installed as to the left side inguinal
hernia repair is identified as: 1 Plug Marlin Perfix Mesh
XLarge or Bard Mesh Perfix Plug [Ref] 0122780, [Lot] HUBX 1127;
exp. date 10/28/22. The mauufacture is Davol, 100 Crossing Blvd.,
Warwick, Rhode Island 02886. Telephone 1-800-556-6275. This
mesh was installed into the plaintiff on November 02, 2018.

8.   The (surgical mesh) installed as to the right side inguinal
hernia repair is identified as 1 Plug Marlin Perfix Mesh
XLarge or Bard Mesh Perfix Plug [Ref] 0112780, [Lot] HUCT 2077;
exp. date 06/28/23. The manufacture is Davol, 100 Crossing Blvd.,
Warwick, Rhode Island 02886. Telephone 1-800-556-6275. This
mesh was installed into the plaintiff on November 02, 2018.

9.   On or about November 29, 2018, during a Post-Operative
Visit, the plaintiff expressed his concerns to Dr.Brandon S.
Cunningham, e.g. a puffiness/swelling, left side abdomen.

3..

To the best of the plaintiff's collective recollection, the physician Dr.Brandon S. Cunningham explained that the swelling would occur on and off for approx. 6 months, cease when healed.

10. The plaintiff inbetween the 11/29/18 post-op. visit and in July 2020 noticed an increase as to: an internal burning/ stinging sensation and swelling at the former hernia repair.

11. On July 09, 2020, the plaintiff notified the (K.D.O.C.), Centurion Health Care Provider (Records Clerk), regarding information search; seeking(names of physicians, date of procedure; mesh manufacture). See Plaintiff's Exhibit G.

12. On July 24, 2020, the plaintiff contacted the Hays Med. (records clerk), 2220 Canterbury Drive, Hays, KS. 67601; seeking [a]ll informations relative to the 11/02/18 procedure. Such request had no return reply.

13. On August 19, 2020, the plaintiff again notified the Hays Med. (records clerk), with an HIPPA Complaint Authorization For Release of Patient Information, pursuant to 45 C.F.R. 164.508. See Plaintiff's Exhibit H(1) and (2).

14. On Sept. 03, 2020, after recieving the Phillips County Hospital address, e.g. 1150 State Street, Phillipsburg, KS. 67661, by means of an HIPPA Complaint Authorization For Release of Patient Information, pursuant to 45 C.F.R. 164.508, did contact the (records clerk) seeling [a]ll informations relative to the 11/02/18 procedure. See Plaintiff's Exhibit I(1) and (2).

15. On Sept. 03, 2020, the plaintiff received from the Hays Med. (records clerk) the informations sought. ScanSTAT address. Plaintiff's Exhibit J.

4.

16.    On September 04, 2020, the plaintiff requested the K.D.O.C.
(C.I.B.) to pay ScanSTAT the amount of $5.85, Plaintiff's
Exhibit K(1), and on Sept. 07, 2020 via (A.W.R.) the plaintiff
notified (C.I.B.) to pay ScanSTAT $5.85. Plaintiff's Exhibit K(2).

17.    Also on Sept. 04, 2020, the defendant sent a letter directly
to Dr.Brandon S. Cunningham, thus notifying said physician of
the need for revision surgery. Plaintiff's Exhibit L(1-2).

18.    On Sept. 12, 2020, the plaintiff via K.D.O.C. Form-9 made
inquiry of the Centurion Health Care Provider at Norton C.F.
" if Ms. McCartney (APRN) made the necessary notations in the
plaintiff's medical files as to the need for revision surgery?"
Plaintiff's Exhibit M.

19.    On Sept. 12, 2020, the plaintiff made initial contact to
the mesh manufacture (Brad) Davol Inc., 100 Crossing Blvd.,
Warwick,RI. 02886, thus informing such company of a probable
civil action, one in which the plaintiff would seek monetary
compensation; pending secondary surgery results. See
Plaintiff's Exhibit N.

20.    On Sept. 17, 2020, the plaintiff via K.D.O.C., Health
Services Request Form, asked Centurion Health Care Provider to
schedule an appointment for properly documenting the hernia
injury. Plaintiff's Exhibit O.

21.    On April 14, 2021, upon arrival at the K.D.O.C., El Dorado,
C.F., the Centurion Health Care Provider, K. Motter (ARPN),
could not clear the plaintiff for a work detail, due to the
severity of the herniated area. Plaintiff's Exhibit P.

22.   On Sept. 23, 2021, the plaintiff requested the K.D.O.C.,
      Centurion Health Services Provider to update his pulhex file,
      to which another physical examination was conducted by
      Dr. Schuler, who placed the plaintiff on [a]ll restrictions;
      C.T./M.R.I. ordered and revision surgery approval pending.
      Plaintiff's Exhibit Q.

23.   On November 08, 2021, the plaintiff was transported to the
      El Dorado, Kansas Medical Center/Hospital for the purpose of
      a C.T./M.R.I. of the left side, lower pelvic area inguinal
      hernia on the pelvic..

24.   On December 02, 2021, the plaintiff had a physician
      consult with Dr. Schuler. According to such conversation, the
      physician recommended an ultrasound be performed prior to
      a consultation with a surgeon.

25.   On December 08, 2021, the plaintiff had a physician consult
      with Dr. Gaston, whom explained the basic procedure regarding
      hernia mesh removal and installation of surgical mesh. Doctor
      Gaston, read the former surgical procedure records, then
      explained to the plaintiff that, apparently the prior surgeon
      Dr. Cunningham had installed surgical mesh, i.e. a ' plug,' on
      top of the herniated area, and when the new surgical procedure
      is performed; Dr. Gaston will install the mesh from below, or
      underneath.

26.   On May 05, 2022, I was admitted into the K.D.O.C./E.D.C.F.
      clinic for an overnight stay, and was instructed not to eat or
      drink anything after mid-night. Throughout the overnight stay,
      no blood samples were collected, and no type of pre-surgery
      testings performed or administered.

27.   On May 06, 2022, at approx. 08:15 A.M., I was transported
      to a medical building, not a hospital, administered blood
      pressure, heart rate, weight check. Patient informations were
      exchanged, including medication allergies and past surgical
      procedures. Mucinous Cystademo Carcinoma was made known.

I was administered four pills orally, IV-Pik line installed;
at approx. 09:30 A.M. (to the best of my collective recollection)
regarding time; I was taken into the O.R.; strapped down; then
Dr. Gaston and assistants/attendees performed removal of the
existing Bard Davol, Merlin Perfex Plug; and installed a different
type of hernia or surgical mesh. At approx. 11:30 A.M., I awakened
in a recovery room, allowed to dress myself; and exit the medical
facility under my own physical ability. Post-Procedure pain
medications were offered, to which I refused narcotic medicines.
At approx. 13:00 P.M., the K.D.O.C./E.D.C.F. medical personnel
and on duty physician honored my previously submitted invocation
of K.A.R. § 28-34-3b aftercare refusal. Therefore, at approx.
14:00 P.M., I was approved and allowed to return to D-1 C.H.
(264).

28.   On 05/10/22, I submitted to the Centurion Health Care Provider/
E.D.C.F., a Health Service Request Form, thus expressing concerns
of stitch/suture tearing, or premature dissolving. Medical tape
was placed over the open area.

29.   On 05/13/22, I submitted to Centurion Health Care Provider/
E.D.C.F., a Form-9 requesting access to medical informations and
copy of the 05/06/22 surgical report. (A.P.R.N.) Ms. Johnson's
reply was that, I would be allowed access to such informations
once the surgical report was entered into the Centurion data base.

30.   On or about 05/26/22, a nurse, name (u.f.n.) afforded to me
a medical information release form, signed and dated, similar
to an HIPPA request, except the form afforded does not have any
state of federal authority for such patient information release.

31.   On or about June 06, 2022, plaintiff submitted to Centurion
health Care Provider, E.D.C.F.; K.D.O.C. an HIPPA Complaint
Authorization For Release Of Patient Information Pursuant to
45 C.F.R. 164.508* due to Centurion's failure or refusal to
comply with plaintiff's two former information release requests.
Centurion is attempting to not only obstruct plaintiff's access
and copy of his medical informations, but limit liability against
civil suit and litigation.

## INJURY COMPLAINT AND A BRIEF DOCUMENTED HISTORY

In General, for a time period of approx. 13 years; the plaintiff experienced internal burning and throbbing sensations throughout his lower abdomen, swellings/inflammations; seemingly partial bowel blockages; pain towards the male genetalia areas. Plaintiff equates the sensations as being compared with tape or a bandaide being torn off internally several times each day. The severity level of pain felt varied due to strain and/or over-exertion during his work details/jobs assigned by K.D.O.C. Plaintiff re-injured himself on a daily basis for approx. 13 yrs.

While in custody of the K.D.O.C., plaintiff was often forced to perform physical tasks beyond his capabilities. When his complaints to staff members and medical personell were discussed, plaintiff remained under threat of a Class I Work Performance Disciplinary Report, in violation of I.M.P.P. 44-12-401. A conviction of such offense would result in the plaintiff being placed in disciplinary segregation units, i.e. ' the hole,' loss of custody level, loss of incentive level; loss of preferred housing; loss of visitation privileges; loss of activities; and probable transfer to another...more restrictive facility. This type of incident and disciplinary report was narrowly avoided at E.D.C.F. on the date of April 14th, 2021, when a staff member attempted to assign the plaintiff a job in the kitchen. At such time, Ms.Sharon Smothers (R.N.) for Centurion Medical would not clear the plaintiff for such work detail. However, in the month of September 2021, O.I.C. Mr. White of the E.D.C.F. Laundry Detail did issue the plaintiff a Class I Work Performance Disciplinary Report, Case No. 21-09-234. On 09/23/21, Centurion Medical updated their pullhex, e.g. plaintiff's medical file; reinstated a medical layin status and bottom bunk restriction. On October 08, 2021, CSI Webster reviewed plaintiff's medical file, contacted Centurion/E.D.C.F. and dismissed the D.R.

Plaintiff offers these informations and exhibit/documents, in order to substantiate the durress and constant threat he remained under for approx. 13 years by K.D.O.C. if he refused to work and re-injure himself each and every day.

8.

INJURY COMPLAINT AND A BRIEF DOCUMENTED HISTORY

A.     The Kansas Dept. of Corrections, E.D.C.F. (R.D.U.); first
       documented the plaintiff's double hernia injury on or
       about the date of July 17, 2006. At such time, after
       a basic visual/physical examination, no treatment
       recommendations were offered.

B.     Plaintiff, again made complaint and record of the hernia
       injuries while in custody of the K.D.O.C./Hutchinson
       Correctional Facility upon several occasions inbetween the
       dates of May 2007 through December 2012. The physician
       Larry Baumgardner, M.D. and (A.P.R.N.) Deb Lundgren
       varied as to possible reduction techniques, to too late;
       meaning the injuries are non-reduceable, to wearing a
       hernia belt to prevent inflaming said area. Plaintiff
       could not obtain medical layin status, work restrictions;
       nor bottom bunk restriction.

C.     Plaintiff made record of the hernia injuries while housed
       at the E.D.C.F. SouthEast Unit Oswego Facility inbetween
       the dates of December 2012 and March 2013. No treatment
       recommendations or medical restrictions were imposed.

D.     Plaintiff's herniated abdominal injuries were documented
       at the K.D.O.C. Lansing Correctional Facility upon multiple
       occasions inbetween the dates of May 2013 through February
       2018. No treatment recommendations or medical restrictions
       were imposed. In Sept. 2014 plaintiff is cancer diagnosed.

E.     Plaintiff entered the K.D.O.C. Norton Correctional Facility
       on or about the date of February 15th, 2018. At that time,
       the medical staff measured the area of injury, documented
       such injury, offered a hernia belt, noted said injuries
       as non-reduceable, began clearances in order to have
       an outside physicians opinion, X-Ray, M.R.I., and later
       scheduled the November 02, 2018 surgery.

9.

MEMORANDUM IN SUPPORT
(MEDICAL MALPRACTICE)

**Standard Of Review:**

In Tefft v. Wilcox,6 Kan.46,61(1870)... This Court held that
a physician is obligated to his patient under the law to use
reasonable and ordinary care and diligence in the cases he under-
takes, to use his best judgment, and to exercise that reasonable
degree of learning, skill, and experience which is ordinarily
possessed by other physicians in the same or similar locations.
We have continued to impose those duties upon physicians. See;
P.I.K. Civil 15:01 and cases there cited. A physician also has
the duty to **make a reasonable disclosure** to the patient of
pertinent facts [***21] within his knowledge related to a proposed
treatment, in order that the patient may intelligently consent
or refuse treatment.

**Analysis:**

A medical malpractice claim requires the same elements of
proof as any negligence action: (1) the existence of a duty, (2)
breach of that duty, (3) injury, and (4) a casual connection
between the duty breached and the injury suffered. Schmidt v.
Shearer,26 Kan.App.2d.760,764,995 P.2d.381(1999).

To establish a prima facie case of medical malpractice, a
plaintiff must demonstrate that: (1) the defendant had a duty to
conform to a specific standard of conduct for the protection of
others against an unreasonable risk of injury, (2) the defendant
failed to conform to that required standard, (3) the defendant's
breach of that duty was the proximate cause of plaintiff's injury,
and (4) the plaintiff was injured as a result.

See; Malone v. University Of Kansas Medical Center,220 Kan.
371,552 P.2d.885(1976) and Travis v. Bischoff,143 Kan.283,54 P.
2d.955(1936).

CERTAIN DUTIES AND OBLIGATIONS are imposed upon physicians
and hospitals by law. Breach of such duty by a physician i" is
malpractice," and an action in malpractice is one in tort, even
though there was a contract, express or implied, for employment.

10.

Similarly an action for damages against a hospital for negligence; i.e., for breach of duties imposed by law, sounds in tort. This is true though there may be a contract between parties.

In Noel v. Proud,189 Kan.6,8,11,367 P.2d.61(1961) "(As early as 1870 the Kansas Court recognized the general rule that a physician may contract specifically for a particular result. It is generally recognized that a physician or a surgeon may bind himself by express [*211] contract to perform a cure or to obtain specific results by treatment or an operation.)"

" As malpractice covers every which way in which a patient is injured through the deriliction of a doctor in his professional capacity, the approach, depending on the facts, can be through any of several familiar forms of actions. But no matter what the approach, it remains an action for malpratice, [*756] not one for deciet, contract, or anything else. A well recognized ground for recovery is where a physician represent that he has the skill to perform a certain operation when in fact he does not. This form of action requires the same elements of proff that an action of fraud requires, yet it could not be successfully disputed that as between the two it is an action for malpractice. "

PROBABLE CAUSE FOR CIVIL ACTION

MEDICAL MALPRACTICE TORT

See, Bartal v. Brower,268,195,993 P.2d.669(1999) Kan. Lexis 657, decided 11/12/99.

Probable Cause: for instituting a civil action exists when there is a reasonable ground for suspicion, supported by circumstances sufficiently strong themselves to warrant a cautious, or prudent, man in the belief that a party committed the act of which he is complaining.

Liability: For there to be liability of a doctor for non-disclosure, the unrevealed risk must materialize, and there must be harm to the patient, there must be a casual relationship between the physicians failure to adequately divulge information and damages to the patient.

11.

A casual connection exist between the physician and non-disclosure to the patient and the patients damage when, but only when, disclosure of significant risks incidental to treatment would have resulted in a decision against it. Whether the patient woild have refused the treatment or medical procedure had the physician made adequate disclosure is to be determined objectively. If adequate disclosure could reasonably be expected to have caused the patient to decline the treatment or procedure had the patient been informed of the kind of risk or danger which resulted in the harm, causation is shown but otherwise not, and the patients testimony is relevant on such issue, but should not be controlling.

See; Woolsey v. Lee,[No. 66,178] Court Of Appeals Kansas(1991), Kan.App.Lexis 684, decision 9/6.1991. Not designated for publication Reported as Table Case at 816 P.2d.1031(1991) Kan.App. Lexis 998. Overview:    Plaintiff's malpractice action could survive summary judgment without expert medical evidence because common sense was sufficient to determine whether operating on a conscious patient was negligent.

Plaintiff's medical malpractice action must prove negligence and that medical experts negligence caused adverse results.

Expert medical testimony is ordinarily required to establish negligence or lack of reasonable care on part of the physician or surgeon in care and treatment of patients. However, this rule ' does not give "-members of the medical care profession a monopoly on common sense, and the rule is limited to those matters clearly within the domain of medical science. Webb v. Lungstrum,223 Kan. 487,489,575 P.2d.22(1978). Thus, in a case where lack of care or proximate cause can be decided by an average citizen based on common knowledge, expert testimony is unnecessary. This exception to the general rule applies when the treatment or care of the patient has such bad results that lack of reasonable care would be obvious from the every day knowledge of persons generally. Common Knowledge Of Jurors. Savina v. Sterling Drug Inc.,247 Kan. 105,134,795 P.2d.915(1990).

12.

See, <u>Amanda K. Bonin v. Donald D. Vannaman M.D.</u>-[No.75,014]
Supreme Court of Kansas, 261 Kan.199,929 P.2d.754(1996) ...in
part as follows;

Under Kansas Law, most of an adults causes of action are
governed by a 2-year statute of limitations. <u>K.S.A. 60-513(a)</u>.
The statutes of repose for adults vary, depending upon the type
of action at issue. For most causes of action, an adult has a
10-year repose period from the time of the act giving rise to the
cause of the action in which to file a claim. If the claim is not
filed within the 10-year period, then the claim is expired,
regardless of whether the plaintiff's injury has been discovered.
For a <u>medical malpractice</u> action, an adult has a 4-year statute of
repose period from the time of the act giving rise to the cause
of the action in which to file a claim. If the claim is not filed
within the 4-year repose period, then the claim is expired,
regardless of whether the plaintiff's injury has been discovered.
<u>K.S.A. 60-513(c)</u>.

The court treats malpractice legislation as economic regulation
in which the **rational basis test** is applied. The rational basis
test is violated only if the statutory classification rest on
grounds wholly irrelevant to the acheivement of the state's
legitimate objective. The State legislature is presumed to have
acted within it's constitutional power, even if the statute results
in some inequality. Under the reasonable basis test, a statutory
discrimination will not be set aside if any state of facts
reasonably may be conceived to justify it. <u>Leiker v. Gafford</u>, 245
Kan.325,363-64,778 P.2d.823(1989).

Section 18 of the Kansas Constitution Bill of Rights provides
that all persons, **for injuries suffered** in person, reputation or
property, **shall have remedy by due course of law**, and justice be
administered without delay.

K.D.O.C. Personal Injury Claim, <u>K.A.R. 44-16-104(a)</u> and
K.S.A. 75-52,138 states that " Any inmate in the custody of the
Kansas Secretary of Correction... prior to filing a claim or civil
action naming the State of Kansas, any political subdivision of
the State of Kansas, any public official, the S.O.C., the Warden,
the Sheriff, or an employee of the department of corrections or the

County; while such employee is engaged in the performance of
such employee's duty...shall have exhausted such inmate's
administrative remedies; established by rules and regulations
promulgated by the S.O.C. or by County resolutions; concerning
such civil action."

## TIMELINESS OF FILING

**Plaintiff** became reasonably aware of the re-injury in the
month of **July/August 2020**, only two years after the original
surgical procedure performed by the defendats on Nov. 02, 2018.
Plaintiff, to date, e.g. July 2022 is still not fully aware as
to the extent of the damages caused during the 11/02/18 surgery,
because he has not yet gained possession of the May 06, 2022
Operative Report performed by _____ Gaston, M.D.

Irregardless, due to the Covid-19 disease pandemic, and
according to the Kansas Supreme Court Administrative Order
**2020-PR-016**, a complement to Administrative Orders **2020-PR-13**
and **2020-PR-15**, on March 12, 2020 Kansas Governor Laura Kelly
declared a disaster emergency sinmilar to that executed by the
then U.S. President Donald Trump on March 13, 2020. Such is a
substitute for **Senate Bill No. 102**. These executive and/or
Administrative Orders became effective on March 18th, 2020, as
signed by the Ka,Sup.Ct. Justice Marla Luckert. These
Administrative Orders suspended all non-emergency Court hearings
until lifted or removed by the Kansas Governor or U.S. President.
Therefore, plaintiff's filing is well within prescribed and
statutory time limitations.

## RELIEFS REQUESTED

**Plaintiff** asks this Court to grant him this petition, jury
trial, summons upon defendants, enforcement of monetary/
compensatory/punitive/exemplary damage awards as found by
equitable by the jury or this Court, and all other relative
motions pertaining to his civil action, i.e. tort claim.

RESPECTFULLY SUBMITTED
**Robert D. Blaurock**

14.

## CERTIFICATE OF SERVICE

This is to certify that on this _25th_ day of _July_, 2022
I forwarded to the Clerk of the Butler County Kansas District
Court, 1 original and two copies of this foregoing Medical
Malpractice Tort Claim, through the U.S. Mail/Postal Service;
first class; postage prepaid; and that each of the named
defendants have received copy of the same.

Clerk of the Court
Butler County, KS.D.Ct.
Judicial Center
201 West Pine Ave.
El Dorado, Kansas 67042
(316)-322-4370 Tele.
(800)-595-3651

Southwind Surgical Group
c/o Brandon S. Cunningham, M.D.
2500 Canterbury Drive, Suite 202
Hays, Kansas 67601
(785)-623-5945 Tele.
(785)-623-5949 Fax.

                or

Phillips County Hospital
c/o Brandon S. Cunningham, M.D.
1150 State Street
Phillipsburg, KS. 67661
(785)-543-5226 Tele.
(785)-        Fax.

Southwind Surgical Group
c/o Alaina D. Dressler, P.A.
2500 Canterbury Drive, Suite 202
Hays, Kansas 67601
(785)-623-5945 Tele.
(785)-623-5949 Fax.

                or

Phillips County Hospital
c/o Alaina D. Dressler, P.A.
1150 State Street
Phillipsburg, KS. 67661
(785)-543-5226 Tele.

Bard Davol Inc.
100 Crossings Blvd.
Warwick, Rhode Island 02886
1-800-556-6275 Tele.

Corizon LLC./Corizon Inc.
M2 Holding Co.
M2 Equity Co.
Valitas Intermediate Holding Co.
2 Richdale Drive
Sommerville, Maryland 02145-3716
(978)-270-0273 Tele.

Centurion Health Care Provider
1593 SpringHill Road, Suite 600
Vienna, Virginia 22182
(703)-749-4600 Tele.

Kansas Secretary of Corrections
c/o Mr.Jeff Zmuda
714 S.W. Jackson St., Suite 300
Topeka, Kansas 66603
(785)-296-3317 Tele.
(785)-296-0014 Fax.

Robert D. Blaurock
# 86516
El Dorado Correctional Facility
1737 S.E. 54 HWY.
P.O. Box 311
El Dorado, KS. 67042

Sworn to before me on this _15_ day of _July_, 2022.

                                7-25-22

NOTARY PUBLIC

NOTARY PUBLIC - State of Kansas
AMANDA JOHNSON
My Appt Expires 5-24-26

HaysMedicalGroup
Southwind Surgical
2500 Canterbury Drive, Suite 202 * Hays, Kansas
(785) 623-5945 * (785) 623-5949 Fax

Patient: Blaurock,Robert
DOB: 07/15/1961
Provider: Cunningham,Brandon S MD
Account #: AC0019185487
LOCATION Southwind Surg Phillipsburg

MR #: M000304962
Encounter: AC0019185487
Date: 09/27/18

## Visit
### Date of Service
Date of service: 09/27/18
### Reason for Visit
Reason for visit/Chief Complaint: O,McCartney,Bilateral Inguinal Hernias

### Referring provider
Referring provider: Patricia McCartney, APRN
### Type of Patient
Type of patient: New Patient

Home Medications

- Last Reconciled 09/21/18 by Danielle B Weigel

**No Known Home Meds**

### Allergies

aspirin Allergy (Unknown, Verified 08/23/18 12:46)
    unknown
ibuprofen Allergy (Unknown, Verified 08/23/18 12:46)
    unknown

## HPI
### HPI
HPI
57-year-old male with bilateral inguinal hernias. These been present for 10-12 years. Occasionally they are painful. He does not necessarily think that they are getting larger he denies any previous hernia surgery. He did have mucinous carcinoma of the appendix for which she underwent a right hemicolectomy in 2014.

## PFSH
### Past, Family, Surgical history
PFSH
### Medical History

Bilateral inguinal hernia (Acute)
Primary mucinous carcinoma of digestive organ (Acute)



Plaintiff's Exhibit A(1)

HaysMedicalGroup
Southwind Surgical
2500 Canterbury Drive, Suite 202 * Hays, Kansas
(785) 623-5945 * (785) 623-5949 Fax

Patient:  Blaurock,Robert
DOB:   07/15/1961
Provider: Cunningham,Brandon S MD
Account #: AC0019185487
LOCATION  Southwind Surg Phillipsburg

MR #:     M000304962
Encounter: AC0019185487
Date:  09/27/18

negative for tenderness or distended
**Skin**
Skin: Negative for rash
**Upper Extremities**
Upper extremity: Negative for edema
**Lower Extremities**
Lower extremitiy: Negative for edema

## Assessment & Plan
**Plan**
57-year-old male with bilateral inguinal hernias.  These are reducible.

Plan is for bilateral open inguinal hernia repair.  He wishes to have this performed open.  We will proceed in that fashion.

Copies to:  McCartney,Patricia APRN ~

**<Electronically signed by Brandon S Cunningham MD>**  10/15/18 1709

*Report Not Authenticated Until Signing Provider Signature is in Place*

Charles C Schultz, MD
Anthony M Hornick, MD
Paul C Teget, DO
Alaina D Dresslar, PA

Zurab Tsereteli, MD
Brandon S Cunningham, MD
Jerod M Grove, MD


Plaintiff's Exhibit A(3)

DA

# HISTORY AND PHYSICAL EXAMINATION
## (Anticipated Stays Less Than 48 Hours with Minor Problems)

**Chief Complaint:** _Bilateral Ing Hernia_

**History of Present Illness (as appropriate to the patient's condition):** _57 m c_
_Bilateral Inguinal hernia_

**Pertinent Medical/Surgical History:** _____

_____

**Social History:**
History of Tobacco Use: ❑ Yes   ❑ No
Smoked during last 12 months: ❑ Yes   ❑ No
**Family History:** _____

**Review of Systems:**

| General: | ❑ Fever   ❑ Chills   ❑ Sweats   ❑ Fatigue   ❑ Wt. Gain   ❑ Wt. Loss |
|---|---|
| HEENT: | ❑ HA   ❑ Vision Change   ❑ Dizziness   ❑ Ear Ache  ❑ Sore Throat   ❑ Discharge |
| HEENT/2: | ❑ Blurred Vision   ❑ Ringing   ❑ Deafness   ❑ Vertigo  ❑ Epistaxis   ❑ Hoarse |
| Cardiac: | ❑ Chest Pain   ❑ Palpitations   ❑ DOE   ❑ Edema  ❑ PND   ❑ Diaphoresis |
| Respiratory: | ❑ Cough   ❑ Congestion   ❑ Expectorant   ❑ Wheezing  ❑ SOB   ❑ Hemoptysis |
| GI: | ❑ Anorexia   ❑ Dysphagia   ❑ N/V   ❑ Abdominal Pain  ❑ Heart Burn   ❑ Diarrhea |
| GU: | ❑ Dysuria   ❑ Urgency   ❑ Frequency   ❑ Nocturia  ❑ Sex Dysfunction   ❑ Discharge |
| GU/2: | ❑ Incontinence   ❑ Hesitancy   ❑ Impotency   ❑ Irregular Menses  ❑ Lesions |
| Musculoskeletal: | ❑ Myalgia   ❑ Back Pain   ❑ Radiation   ❑ Joint Pain  ❑ Joint Swelling   ❑ Injury |
| Hematologic/Skin: | ❑ Anemia   ❑ Adenopathy   ❑ Rashes   ❑ Leg Ulcer  ❑ Bruising   ❑ Itching |
| Neuro: | ❑ Memory Loss   ❑ Confusion   ❑ Weakness   ❑ Ataxia  ❑ Tremors   ❑ Paresthesia |
| Psych: | ❑ Anxiety   ❑ Depression   ❑ Insomnia   ❑ Agitation  ❑ Hallucinations   ❑ Disorientation |
| Systems Negative: | ☑ All other systems negative and any system listed above, if no symptoms indicated |



HAYSMED
THE UNIVERSITY OF KANSAS HEALTH SYSTEM

**Blaurock, Robert** –
DOB: 07/15/1961   57   M   A/Sdt: 11/02/2018   SDC   AS
V00061114336                                M000304962



Hays Medical Center
**Operative Report**

---

**Patient:** Blaurock,Robert

DATE OF SERVICE:
11/02/2018

DATE OF BIRTH:
07/15/1961

STAFF SURGEON:
Brandon Cunningham, MD

PREOPERATIVE DIAGNOSIS:
Bilateral inguinal hernia.

POSTOPERATIVE DIAGNOSIS:
Bilateral inguinal hernia.

PROCEDURES PERFORMED:
1. Left inguinal herniorrhaphy with mesh.
2. Right inguinal herniorrhaphy with mesh.

ANESTHESIA:
General with local.

COMPLICATIONS:
None.

SPECIMEN:
None.

CONDITION:
Stable.

INDICATIONS FOR PROCEDURE:
This is a 57-year-old male that has bilateral symptomatic enlarging inguinal hernias.

DESCRIPTION OF PROCEDURE:

---

Name: Blaurock,Robert
MRN: M000304962
Physician:
Copies to: McCartney,Patricia APRN ~

DOB: 07/15/1961
Pt Acct#: V00061114336
Admit Date:
Disch Date: 11/02/18
Location: Ambulatory Surgery
1 of 2

**Operative Report**

Plaintiff's Exhibit C (1)

Hays Medical Center
## Discharge Summary, Stay Less than 48 Hours

**Patient:** Blaurock,Robert

## PD-Discharge Summary,Short Frm

**- Discharge Note:**
**Date of Admission::**
11/2/18
**Discharge Date:**

11/2/18
**Discharge Diagnoses::**

### Current Active Problems

| Problem | Status | Onset |
|---|---|---|
| Bilat ing hernia | Acute | |

**Discharge Medications::**
**New**
   Sennosides/Docusate Sodium [Senokot-S] 2 each PO BID PRN #90 tab
     PRN Reason: Constipation
   Hydrocodone/Acetaminophen [Norco 5-325 Tablet] 1 - 2 each PO Q6PRN PRN #20 tab
     PRN Reason: Moderate Pain (Pain Scale 4-6)
**Discharge Disposition:** Other facility
**Patient Instructions:**  CORE MEASURES FOR DISCHARGE - HAYSMED, Inguinal Hernia Repair (DC)
**Additional Instructions:**
Discharge to facility when meets criteria.
Outer Dressings can be removed in 24-48 hours, then may shower.   No soaking baths.  Steri-strips
on for a week/ until they peel off.
Review signs/symptoms of infection (redness, swelling, drainage that looks like pus, fever/chills).
Call if any symptoms.

Weight lifting - 15 pounds maximum until return for office appointment.
Follow-up in clinic in 2 weeks.
Usual diet as tolerated.

Narcotic pain meds for moderate pain, change to plain Tylenol as soon as possible.
Narcotics are constipating, take stool softener (Senokot) regularly while taking narcotics.
If constipation, may try miralax and or milk of magnesia.
No Driving with pain or while taking narcotics.

Next dose if needed:

| | |
|---|---|
| Name: Blaurock,Robert | DOB: 07/15/1961 |
| MRN: M000304962 | Pt Acct#:  V00061114336 |
| Physician: | Admit Date: |
| Copies to:  ~ | Disch Date: 11/02/18 |
| | Location:  AS |
| | 1 of 2 |


Plaintiff's Exhibit D(1)

Name: Blaurock,Robert

Acct#: V00061114336

Operation Date/Time:

DOB: 07/15/1961   Age: 57   Gender: M

MR#: M000304962

11/02/18 11:15

Pre-op Diagnosis:   BILATERAL INGUINAL HERNIAS

Post-op Diagnosis:   BILATERAL INGUINAL HERNIAS

Procedure(s): Inguinal Hernia Repair (Adult) - *bilateral with mesh*

Surgeon(s):   Cunningham,Brandon S

Assisting Surgeon(s):  See below (if none listed, no assisting surgeon)

Dresslar,Alaina D

Anesthetic Type:   General
Anesthetist(s):   Bose,David C

EBL:  See below (if none listed, then none)

5 ML

Blood Product(s) Administered?   (See patient EMR)

Surgical Specimen(s):  See below (if none listed, no surgical specimens obtained)

Grafts/Implants:  See below (if none listed, none used)

1  PLUG MARLIN PERFIX MESH XLARGE   Site: INGULT   Size: XLARGE   ExpDate: 10/28/22   Cat#: 0112780   Mfr: DAVOL
1  PLUG MARLIN PERFIX MESH XLARGE   Site: INGURT   Size: XLARGE   ExpDate: 06/28/23   Cat#: 0112780   Mfr: DAVOL

Complications:   *None*

Surgeon Signature:   *Alaina Dresslar PA C*      Date/Time:   *11/2/18   1401*

**Electronically Signed by
Cunningham,Brandon S MD MD on
11/26/18 at 10:51**

Plaintiff's Exhibit E(1)

HaysMedicalGroup
Southwind Surgical
2500 Canterbury Drive, Suite 202 * Hays, Kansas
(785) 623-5945 * (785) 623-5949 Fax

Patient: Blaurock,Robert
DOB:     07/15/1961
Provider: Cunningham,Brandon S MD
Account #: AC0019898436
LOCATION: Southwind Surg Phillipsburg

MR #:      M000304962
Encounter: AC0019898436
Date:  11/29/18

# Visit
**Date of Service**
Date of service: 11/29/18
**Reason for Visit**
Reason for visit/Chief Complaint: O,S/P hernia repair (11/2/18)

**Type of Patient**
Type of patient: Post-Op Visit

**Allergies**

aspirin Allergy (Unknown, Verified 11/02/18 10:13)
      throat and facial swelling
ibuprofen Allergy (Unknown, Verified 11/02/18 10:13)
      throat and facial swelling

Home Medications

 - Last Reconciled 11/28/18 by Danielle B Weigel

**No Known Home Meds**

# HPI
O,S/P hernia repair (11/2/18):
Details: 57-year-old male that is postoperative from bilateral inguinal hernia repair. He denies any complaints today. He did feel a pop in the left side about a week ago he did have a little bit of tenderness there but that is better. He denies any bulge or other sign of recurrence. He denies any pain currently.

# SWS PostOp Exam
**Exam**
The incisions are healing nicely. The testicles are descended bilaterally. There is no evidence of recurrence.

# Assessment & Plan
**Plan**
57-year-old male postoperative from bilateral inguinal herniorrhaphy with mesh. He is doing well. I will see him back on a as needed basis.

Plaintiff's Exhibit F(1)

Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

A2 212⟍

BLAUROCK
_____
Last Name Only

KANSAS DEPARTMENT OF CORRECTIONS

86516

_____
Number

## INMATE REQUEST TO STAFF MEMBER

To: Centurion Health Care Provider          Date: July 9, 2020.
   (Name and Title of Officer or Department)
   State completely but briefly the problem on which you desire assistance. (Be specific.)

To. RECORDS CLERK: I'am requesting a time and date in which I can view
the files relative to a recent double hernia repair procedure performed
at a hospital in Hays, KS. In particular, the information requested is
name of the surgeon and hospital, date of procedure, follow-up exam.
date, and emphasis upon the type of mesh used, and manufacturer thereof.
Please inform me of the requested appointment for said information .

Work Assignment: _____ A.M. Laundry _____   Living Unit Assignment: A-2 (2125)
Comment: _____   Detail or C.H. Officer: Col Henderson

Disposition: _____

_____

Plaintiff's Exhibit G

_____

To: Blaurock 86516          Date: 7-13-20
       (Name & Number)

Disposition: 11-2-18 at Hays Medical Center 11-29-18 follow-
up Dr. Cunningham — the details of mesh you
will have to request thru Hays Medical Center
your surgical note just say mesh.
G. Chess 7/8/A

_____
Employee's Signature

To be returned to inmate.

P-0009          P

August 19th, 2020

To. Hays Med. Records Clerk
    and/or Legal Department

Re. Second request for release of the full name of Dr. Cunningham
    and the (type) of hernia mesh, and the manufacturer of said
    hernia mesh that was installed inside me in November 2018.

Sir or Madam,

    This is my second simple request that you release to me the
informations asked for in the above mention.

    I'am asking that your offices furnish to me the informations
without me enactment of an HIPPA Complaint Authorization For
Release of Patient Information pursuant to 45 C.F.R. 164.508

    The next request will come in the form of a K.S.A. 60-513
Tort Claim and Court Order. Again, at this moment, my only concern
is the type of mesh, i.e. specific name and manufacture thereof.
It is my best hope not to involve Hays Med. nor Dr. Cunningham as
defendants. However, subpoena as expert witness on my behalf may
become necessary. I would hope not to involve a Medical Screening
Panel or Medical Review Board.

    Please respond/reply with the requested information within 10
days of receipt of this communication.

                        THANK YOU
                        Robert D. Blaurock
                        # 86516
                        Norton Correctional Facility
                        P.O. Box 546
                        Norton, Kansas 67654
                        (785)-877-3389 Fac. Tele.

Plaintiff's Exhibit H(1) pg. 1-2

1.

## CERTFICATE OF SERVICE

This is to certify that on this 19th day of August 2020, I forwarded to the Medical Records Clerk and/or Legal Department, Hays Med. The University of Kansas Health System, 1 original and 1 copy of the foregoing Request for Release of NON-PRIVILEGED Medical Information, through the U.S. Mail/Postal Service, first class, postage prepaid.

Records Clerk, and/or
Legal Department
Hays Med.
The University of Kansas Health System
2220 Canterbury Drive
Hays, Kansas 67601
(855)-429-7633

Robert D. Blaurock
# 86516
Norton Correctional Facility
P.O. Box 546
Norton, Kansas 67654
(785)-877-3389 Facility Tele.

Sworn to before me on this 19th day of August 2020.

_____ my commission expires on...
NOTARY PUBLIC

JUSTIN CHARLES BACKMAN
Notary Public - State of Kansas
My Appt. Expires 6 · 14 ·2021



(Complete One Request Per Form)

Attach letter and addressed/stamped envelope when required

| Robert D. Blaurock | 86516 | NCF | A-2 (2248) | 8/19/2020 |
|---|---|---|---|---|
| Printed Name | Number | Facility | Unit/Cell Location | Date |

Please pay the following and charge to my account:

## Outgoing Funds/Donations

Payable To: _____

$ _____      Name

Check Amount      _____

Address

_____

City, State, Zip

_____

Purpose/Inmate Benefit Fund Group

☐ I request the use of Forced Savings as provided in IMPP 04-103, for:

(Documentation Required)

---

Title of Publication

Frequency - (Circle One)

Yearly  Monthly  Weekly  Daily  Other

Number of Issues _____

Expiration Date _____

Publication Price _____

*Book, Magazine or News Paper
(Per IMPP 11-101)

☐ Community Identification
☐ Civil Filing, Transcript or Subpoena Fees
☐ Reentry into the Community (Warden's Approval Required)

---

| (To Be Completed by Mailroom) | Postage - (To Be Completed by Inmate) |
|---|---|
| | ☒ Postage |
| $ 5 0 | Hays Med. |
| Postage Amount | To: The University of Kansas Health Syst |
| | Name |
| ✓HB | ☐ Legal/Official Postage (Per K.A.R. 44-12-601) |
| Verified By | 2220 Canterbury Drive |
| | Address |
| | ☐ Certified (Only if Funds Available) |
| | Hays, Kansas 67601 |
| | City, State, Zip |
| | Legal Document Enclosed |
| | Reason |

| Robert D. Blaurock | 8/19/2020 | | 8/20/20 |
|---|---|---|---|
| Inmate Signature | Date | Unit Team Approval | Date |

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Handicraft Approval (If Applicable) | Date | Religious Approval (If Applicable) | Date |

☐ Applies to Outgoing Funds Limit
☐ Does Not Apply to Outgoing Funds Limit
☐ Use of Forced Savings Approval as requested above

| _____ | _____ |
|---|---|
| Exception Approval | Date |

---

This withdrawal request is being returned for the following reason(s):

___ Insufficient Funds                    ___ Payee Missing
___ Signature Missing                    ___ Insufficient Address
___ Exceeds Spending Limit              ___ Amount Missing
___ Incentive Level                        ___ Name/Number - Do Not Match
___ Envelope/Order/Stamp Missing      ___ Illegible Information
___ Unauthorized Per IMPP/KAR_____  ___ Other_____

---

Dist. White – Accounting
Canary - Other

| ✓HB | 8/20/20 | _____ |
|---|---|---|
| Account Processor | Date Withdrawn | Acct. Use |

Effective 07-02-10      White Copy - CIB; Yellow Copy - Business Office; Pink Copy - Inmate.

Plaintiff's Exhibit H(2)

(Complete One Request Per Form)

Attach letter and addressed/stamped envelope when required

| Robert D. Blaurock | 86516 | NCF | A-2 (2248) | 09/03/2020 |
|---|---|---|---|---|
| Printed Name | Number | Facility | Unit/Cell Location | Date |

Please pay the following and charge to my account:

## Outgoing Funds/Donations

Payable To: _____
Name

$ _____
Check Amount

_____
Address

_____
City, State, Zip

_____
Purpose/Inmate Benefit Fund Group

☐ I request the use of Forced Savings as provided in IMPP 04-103, for:

(Documentation Required)

| Title of Publication |
| --- |
| Frequency - (Circle One) |
| Yearly  Monthly  Weekly  Daily  Other |
| Number of Issues _____ |
| Expiration Date _____ |
| Publication Price _____ |
| *Book, Magazine or News Paper |
| (Per IMPP 11-101) |

☐ Community Identification
☐ Civil Filing, Transcript or Subpoena Fees
☐ Reentry into the Community (Warden's Approval Required)

---

| (To Be Completed by Mailroom) | Postage - (To Be Completed by Inmate) |
|---|---|

☒ Postage

$ __50__
Postage Amount

_JAB_
Verified By

☐ Legal/Official Postage
(Per K.A.R. 44-12-601)

☐ Certified
(Only if Funds Available)

To: Phillips County Hospital
Name

1150 State Street
Address

Phillipsburg, Kansas 67661
City, State, Zip

Legal Document Enclosed
Reason

| _Robert D. Blaurock_ 09/03/2020 | _____ |
|---|---|
| Inmate Signature          Date | Unit Team Approval          Date |

| _____ | _____ |
|---|---|
| Handicraft Approval (If Applicable)   Date | Religious Approval (If Applicable)   Date |

---

| Exception Approval          Date | ☐ Applies to Outgoing Funds Limit<br>☐ Does Not Apply to Outgoing Funds Limit<br>☐ Use of Forced Savings Approval as requested above |
|---|---|

This withdrawal request is being returned for the following reason(s):

____ Insufficient Funds
____ Signature Missing
____ Exceeds Spending Limit
____ Incentive Level
____ Envelope/Order/Stamp Missing
____ Unauthorized Per IMPP/KAR_____

____ Payee Missing
____ Insufficient Address
____ Amount Missing
____ Name/Number – Do Not Match
____ Illegible Information
____ Other_____

Dist. White - Accounting
     Canary - Other

| _JAB_ | 9/4/20 | 615876 |
|---|---|---|
| Account Processor | Date Withdrawn | Acct. Use |

Effective 07-02-10        White Copy - CIB; Yellow Copy - Business Office; Pink Copy - Inmate.



Plaintiff's Exhibit 1(1)

Plaintiff's Exhibit I(2)

Sept. 03, 2020

To. Phillips County Hospital
   Records Clerk, and/or
   Dr. Cunningham.

FAXED
SEP 15 2020
BY:_____

Re. Patient Robert D. Blaurock

Procedure: Double Hernia Surgery, mesh installed.
Date of Operation at the Hays Med. University of Kansas Health
System... November ____, 2018.
Physician: Dr. _____ Cunningham.

Sir or Madam,

I'am seeking information pertaining to type of hernia/
surgical mesh used during my double hernia repair in Nov. 2018,
with emphasis upon " name of the mesh " and " manufacture of said
mesh. "

I would ask that you provide me directly with the requested
information without the need of court order or an HIPPA form.

Problem Is: The hernia mesh has torn away completely in the
left side lower pelvic area and a revision surgery is necessary.

Here, I would rather ask Dr. Cunningham to be witness,
instead of a named defendant in a K.S.A. 60-513 Tort Claim. It is
well established fact that hernia mesh is unreliable when certain
brands are used.  I would appreciate a quick response within
10-days of receipt of this request.

CERTIFICATE OF SERVICE.

This is to certify that on this 3rd day of September 2020, I
forwarded a copy of the release of medical information request to
the Phillips County Hospital Records Clerk, in care of Dr. _____,
Cunningham.

Phillips County Hospital
Records Clerk
1150 State Street
Phillipsburg, Kansas 67661

Robert D. Blaurock, # 86516
Norton C.F., P.O. Box 546
Norton, Kansas 67654

Sworn to before me on this date of Sept. 03, 2020.

Notary Public

JERRY TOLLE
Notary Public - State of Kansas
My Appt. Expires 12-7-3043



**ScanSTAT**
TECHNOLOGIES

P.O. Box 791522
Baltimore, MD 21279-1522
(770) 569-2445

Billing Date: **8/25/2020**
Due Date: **9/24/2020**
Amount Due: **$5.85**
Invoice #: **419385B185EA41F6AC9F**

| Billing Address | Patient Information | Shipping Address |
|---|---|---|
| NORTON CORRECTIONAL FACILITY<br>POST OFFICE BOX 546<br>NORTON, KS 67654 | NAME: ROBERT BLAUROCK<br>MRN: M000304962<br>REQUEST ID: | NORTON CORRECTIONAL FACILITY<br>POST OFFICE BOX 546<br>NORTON, KS 67654 |

**MEDICAL RECORD SOURCE**

Records were ordered from:   Hays Medical Center - Ks + + 004 Rb
2220 CANTERBURY DRIVE
HAYS, KS 67601

| QUANTITY | ITEM DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|
| 10 | Duplication Fee 1-10 | $0.25 | $2.50 |
| 3 | Duplication Fee 11-160 | $0.15 | $0.45 |
| | Subtotal | | $2.95 |
| | Shipping | | $2.90 |
| | **AMOUNT DUE** | | **$5.85** |



## IMPORTANT NOTICE:

In most cases the invoice amount is determined and controlled by your states legislated rates.
Please pay within 30 days. Otherwise, it is our policy to defer to a collection agency.

**MESSAGES**

These records were processed by a ScanSTAT professional. All of our professionals
work hard to process your records quickly, securely and accurately.  On behalf
of all our employees, affiliates and their families, thanks for paying promptly.

----------- PLEASE RETAIN THIS PORTION FOR YOUR RECORDS -----------

**PLEASE RETURN THIS STUB WITH YOUR PAYMENT**

**INSTRUCTIONS**

1) Please send payments only to the address listed on this invoice.
2) Please DO NOT SEND CASH.
3) Pay by check, credit card or money order.
4) Please pay the total amount due listed on this invoice.

**For questions regarding your account or invoice**
(770) 569-2445
Email - cust-service@ScanSTAT.com

**Federal Tax ID#: 27-0786975**

NORTON CORRECTIONAL FACILITY
POST OFFICE BOX 546
NORTON, KS 67654

**We accept credit card payments by phone
or online by visiting www.scanstat.com**

Billing Date: **8/25/2020**
Due Date: **9/24/2020**
Amount Due: **$5.85**
Invoice #: **419385B185EA41F6AC9F**

**(MUST SUBMIT BARCODE BELOW WITH PAYMENT)**



419385B185EA41F6AC9F

**ScanSTAT Technologies**
P.O. Box 791522
Baltimore, MD 21279-1522

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

BLAUROCK _____
**Last Name Only**

## KANSAS DEPARTMENT OF CORRECTIONS

86516 _____
**Number**

## INMATE REQUEST TO STAFF MEMBER

To: Inmate Truct Funds Accountant _____ Date: 09/04/2020 _____
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

I'am requesting that the amount of $ 5.85 be deducted from my
inmate trust fund for payment due, inregards to ordering of medical
records from Hays Med. Please make the check payable to ScanSTAT
Technologies, P.O. Box 791522, Baltimore, MD. 21279-1522. Billing Invoice
attached. Please use the S.A.S.E. for mailing purposes.   THANK YOU.
A.W.R. Form also attached. Billing Invoice No. 419385B185EA41F6AC9F  ~ PB

Work Assignment: _____A.M. Laundry_____ Living Unit Assignment: _A-2 (2248)_____

Comment: _____ Detail or C.H. Officer: _COIPBigge_____

Disposition: _____

_____

_____

Plaintiff's Exhibit K (1)

To: _____          Date: _____
(Name & Number)

Disposition: _____

_____

_____

_____

_____
     Employee's Signature                          **To be returned to inmate.**

P-0009

(Complete One Request Per Form)
Attach letter and addressed/stamped envelope when required

| Robert D. Blaurock | 86516 | NCF | A-2 (2248) | 09/07/2020 |
|---|---|---|---|---|
| Printed Name | Number | Facility | Unit/Cell Location | Date |

Please pay the following and charge to my account:

## Outgoing Funds/Donations

Payable To: **ScanSTAT Technologies**
                        Name

$ 5.85                  **P.O. Box 791522**
Check Amount            Address

                        **Baltimore, MD. 21279-1522**
                        City, State, Zip

                        **Medical Records Fee**
                        Purpose/Inmate Benefit Fund Group

☐ I request the use of Forced Savings as provided in IMPP 04-103, for:

(Documentation Required)

---

Title of Publication
Frequency - (Circle One)

Yearly  Monthly  Weekly  Daily  Other

Number of Issues _____

Expiration Date _____

Publication Price _____

*Book, Magazine or News Paper
(Per IMPP 11-101)

☐ Community Identification
☐ Civil Filing, Transcript or Subpoena Fees
☐ Reentry into the Community (Warden's Approval Required)

---

**(To Be Completed by Mailroom)**

$ _____
Postage Amount

_____
Verified By

**Postage** - (To Be Completed by Inmate)

☐ Postage

☐ Legal/Official Postage
    (Per K.A.R. 44-12-601)

☐ Certified
    (Only if Funds Available)

To: _____
    Name

_____
Address

_____
City, State, Zip

_____
Reason

---

Robert D. Blaurock    09/07/2020
Inmate Signature        Date

_____    _____
Unit Team Approval      Date

_____    _____
Handicraft Approval (If Applicable)   Date

_____    _____
Religious Approval (If Applicable)   Date

---

_____    _____
Exception Approval      Date

☐ Applies to Outgoing Funds Limit
☐ Does Not Apply to Outgoing Funds Limit
☐ Use of Forced Savings Approval as requested above

---

This withdrawal request is being returned for the following reason(s):

___ Insufficient Funds
___ Signature Missing
___ Exceeds Spending Limit
___ Incentive Level
___ Envelope/Order/Stamp Missing
___ Unauthorized Per IMPP/KAR_____

___ Payee Missing
___ Insufficient Address
___ Amount Missing
___ Name/Number - Do Not Match
___ Illegible Information
___ Other_____

Dist. White - Accounting
Canary - Other

_____    _____    _____
Account Processor       Date Withdrawn          Acct. Use

fective 07-02-10    White Copy - CIB; Yellow Copy - Business Office; Pink Copy - Inmate.


Plaintiff's Exhibit K (2)

Sept. 04, 2020

To. Brandon S. Cunningham, MD.
    Southwind Surgical

Re. Bilateral Inguinal Hernia (double) lower left & right pelvic
Patient: Robert D. Blaurock
Procedure Date: November 02, 2018.
Hospital: Hays Medical Center

Dr. Cunningham,

 I'am contacting you directly in order to seek your assistance
and cooperation in a probable K.S.A. 60-513 Tort Claim against
the mesh manufacture <u>DAVOL</u>, type of mesh (plug) **Marlin Perfix Mesh**.
A revision surgical procedure has become necessary. The entire
lower left side pelvic area mesh is torn loose. The right side
mesh remains intact.

 Prior to agreeing to the 11/02/18 procedure, you assured me
that you were installing a type of mesh that would not tear out
or cause other internal damages, such as, intestinal blockage,
attaching itself to internal organs, internal bleeding, etc.

 During the November 29, 2018 follow-up consultation, I did
make it known to you that I felt a pop inside. You did explain to
me that the area of concern would swell, possibly bleed internally,
and eventually no longer bulge, sting, and have the burning
sensation.

 In the month of July 2020, during a routine 2-year physical
examination performed by Patricia McCartney-APRN, it was made
known that a revision surgery is necessary. She did visually
examine the lower left side pelvic area. Her comment was " How
did you do that? " To date I'am unsure if McCartney has informed
K.D.O.C. Topeka's Chief MD. that revision surgery must be done.
Of course, it is far too late to wear a suppression belt, it was
too late for such a device usage after the mesh failure. Now, as
to when a revision surgery can be scheduled is dependent upon
the Covid-19...Coronavirus pandemic's ending. No one at K.D.O.C.
nor myself are willing to take the risk of infection/quarantine.

1.

Plaintiff's Exhibit I(1-2)

Dr. Cunningham, since you have full accessibility to medical information, I would ask that you provide to me the **address**, zipcode and telephone number of the **manufacture of said mesh DAVOL.** Your assistance and cooperation in this matter will tend to speed the litigation process.

Here, and as to the revision surgery, [w]e don't know what went wrong, at least not until the surgeons perform another open bilateral inguinal hernia repair. This is where the litigation gets messy. A Medical Review Panel and Medical Screening Panel must decide who is at fault, the mesh manufacture or physicians performing the procedure, i.e. the named defendant's. It is my hope that both yourself and Dr.Danielle B. Weigel become expert medical witnesses against Bard " Mesh Perfix " Plug, or DAVOL.

I'd like to give a brief explanation of the symptoms that I'am experiencing daily, such as, ( the left hernia gets hard as a rock, internally it feels similar to a bandaid being torn off [sticky]; pulsating/throbbing sensation; a muscular cramp extending down into the inner crease of my left leg; more frequent bathroom trips and not being able to per say empty out the bowels & bladder; more often than not it interferes with normal body movements).

Attached is a duplexed copy of a partial medical progress note indicating the lot number and serial number of the mesh. This may aid you in supplying to me the informations requested.

Dr. Cunningham,

Please advise me as to your thoughts and position in this matter.

I certainly do not enjoy the thought of another surgical surgery procedure, having the abdomen sliced open, pain, downtime, etc. For all of the reasonings stated to herein, is why I believe that the mesh manufacture should be held responsible for monetary compensation. The mesh should have not torn out.

THANK YOU
Robert D. Blaurock
# 86516
Norton C.F.
P.O. Box 546
Norton, KS. 67654



Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

SEP 14 2020

Blaurock _____
**Last Name Only**

## KANSAS DEPARTMENT OF CORRECTIONS

86516
**Number**

### INMATE REQUEST TO STAFF MEMBER

Centurion H.S

To: Ms.Patricia McCartney (APRN)        Date: 09/12/2020
**(Name and Title of Officer or Department)**
    State completely but briefly the problem on which you desire assistance. (Be specific.)

Inquiry: Ms. McCartney: During the July 2020, 2-yr. physical examination
I informed you that the Nov. 2018 Bilateral Inguinal Hernia Surgical
procedure had basically failed and that the Bard/Davol Mesh Perfix had
torn out. My question to you is " did you make notations in my medical file
that a revision procedure would become necessary?" At such time you asked
me if a hernia belt would relieve the pressure? Such precaution is late.

Work Assignment: A.M. Laundry _____  Living Unit Assignment: A-2 (2248)

Comment: _____  Detail or C.H. Officer: COI Zike

Disposition: _____

Plaintiff's Exhibit M₆

To: Blaurock 86516 _____        Date: 9/14/20
**(Name & Number)**

Disposition: During the stated exam date, 7/20/20, you reported that
you were not having any problems related to your hernia. Re-peat
Surgery was not referenced. If having problems you need to access
sick call and have issues addressed and documented. Please access
                                                    sick call.
Davis on behalf of A.Chisham HSA.
**Employee's Signature**                    **To be returned to inmate.**

P-0009

September 12, 2020

To. Bard Davol Inc.
    100 Crossing Blvd.
    Warwick, R.I. 02886
    1-800-556-6275

Attn. Records Dept. and/or
      Legal Dept.

### Probable Letter of Intent

Sir or Madam,

On or about the date of November 02, 2018, at the HaysMed. University of Kansas Health System Hospital, 2500 Canterbury DR., Suite 202, Hays, Kansas 67601, (Southwind Surgical), I underwent a double Bilateral Inguinal Hernia Procedure. Such surgery was performed by Dr.Brandon S. Cunningham, M.D. and assisting surgeon Dr.Alaina D. Dressler, and surgical hernia mesh was installed.

The type, manufacture, and serial number of said mesh are identified as: (1) Bard Mesh Perfix Plug(Marlin), REF 0112780, LOT HUBX 1127, use by date of 10/28/22, and (2) Bard Mesh Perfix Plug(Marlin), REF 112780, Lot HUCT 2077, use by date 06/28/23.

My reasoning for contacting your offices is that the left side-lower abdomen has torn out completely, and a revision surgery is necessary. There are discissions to be held as to when such a revision procedure will be scheduled. As you are aware, the complications resulting from the torn mesh internally isn't pleasant, and having to endure a second surgery is not pleasant either.

" [W]hen the revision procedure is performed, such will determine whether the mesh or physician is at err." A second surgery should not have become necessary and would not be necessary had it not been due to such err or faulty manufacture. I may soon be seeking monetary compensation by means of a K.S.A. 60-513 Tort Action in the Kansas District Court. This letter serves as notice of intent.

If you have any input, inquiry, or helpful information, please contact me at the included address.

Plaintiff's Exhibit No.

THANK YOU
Robert D. Blaurock, # 86516
Norton Correctional Facility
P.O. Box 546
Norton, Kansas 67654

# Health Services Request Form

| | |
|---|---|
| Print Name (Imprimir nombre): | *Robert D Blaurock* |
| Date of Request: | *9/17/2020* |
| ID #: *86516* | Date of Birth (Fecha de nacimiento): *07/15/60* |
| Housing Location (Ubicación de la vivienda): | *A-2 (2248)* |

Nature of problem or request (Naturaleza del problema o solicitud): *Need to get the inguinal hernia 'torn out mesh' documented, since it was not entered into record on 07/20/20 at the time of the physical and visual examination on such date. I'am requesting return copy of this sick call request*

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuerdo con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de urgencia, si no se trata de una visita de seguimiento o por una derivación.)

*9/17/2020*                                    *Robert Blaurock*
_____   _____
                                                    Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

| | | | |
|---|---|---|---|
| (The area below is not to be used for education, counseling or documenting a clinical encounter) | | | |
| Triaged by: | ☑ Routine | ☐ Urgent | ☐ Emergent |
| Date: *9/17/2020* | Time: | | |
| Date of Face-to-Face Visit: | | | |
| Other: | | | |

Response Recommendation (to be completed by Medical Staff only)

| | | | | | | |
|---|---|---|---|---|---|---|
| Initial Appointment | ☑ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
| | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
| Fee Charge | ☐ $2.00 | | | | | |

Comments: *Non-Emergent. Please come to Sick call when quarantine lifted. Referred due to quarantine.*

_____   *9/17/2020*
(Staff Signature)              (Date)

*Quarantin lifted*

**Plaintiff's Exhibit O**

Centurion: REC-013KS
07/01/2020


centurion.

# Health Services Request Form

| | |
|---|---|
| Print Name (Imprimir nombre): | Robert D. Blaurock |
| Date of Request: 10/02/2020 | *non-emergency* |
| ID #: 86516 | Date of Birth (Fecha de nacimiento): 07/15/61 |

Housing Location (Ubicación de la vivienda): A-2 (2248)

Nature of problem or request (Naturaleza del problema o solicitud): Left Lower Inguinal Hernia, non-reduceable. I'am requesting that the injury described be documented accordingly as it was not documented during the 07/20/2020 physical and visual examination. The Bard Davol brand mesh installed in November 2018 is torn out. The injury has a sensation of cramping/knotting feels similar to a band-aid being removed internally, sticky in nature.

*Return Receipt Requested*

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuero con el cobro de algún cargo, puedo presentar un reclamo ante el Alcaide, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de ugencia, si no se trata de una visita de seguimiento o por una derivación.)

10/2/10
0100

_Patient Signature (Paciente Firma)_

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

---

(The area below is not to be used for education, counseling or documenting a clinical encounter)

| | |
|---|---|
| Triaged by: | ☒ Routine   ☐ Urgent   ☐ Emergent |
| Date: 10/2/10 | Time: 0700 |
| Date of Face-to-Face Visit: 10/2/20 | |
| Other: | |

Response Recommendation (to be completed by Medical Staff only)

| Initial Appointment | ☒ Nurse | ☐ Doctor | ☐ Dentist | ☒ Eye Doctor | ☒ Mental Health | ☐ ARNP |
|---|---|---|---|---|---|---|
| | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |

Fee Charge   ☐ $2.00

Comments: _____ Return as needed

Staff (Signature) _____ Date 10/2/2020

**Plaintiff's Exhibit P**

Centurion: REC-013KS
07/01/2020





**centurion.**

KDOC Adult Facilities

**El Dorado - Central**

PATIENT:               ROBERT D BLAUROCK
DATE OF BIRTH:         07/15/1961
DOC #:                 86516
DATE:                  04/14/2021 1:18 PM

### Kitchen Clearance

**Food Service Screening**

| | |
|---|---|
| Cuts noted on hands, arms, face, or neck? | No |
| Open sores noted on hands, arms, face, or neck? | No |
| Rash noted on hands, arms, face, or neck? | No |
| Recent diarrhea, loose or watery stools? | No |
| Recent nausea and/or vomiting? | No |
| Recent abdominal cramping? | No |
| | |
| The patient has been examined by health care staff. | Yes |
| The patient has no history or current complaints of contagious diseases. | Yes |

Patient Information
Patient has been informed of the need for the following:

| | |
|---|---|
| Proper hand washing prior to handling food and after using the restroom. | Yes |
| Not to handle food while sick. | Yes |
| Notify dietary services shift supervisor of any illness. | Yes |
| When ill, submit a sick call slip for medical evaluation. | Yes |
| Screening for kitchen clearance will be performed annually. | Yes |

Clearance

| | |
|---|---|
| Patient is cleared for kitchen duty: | No |

Date: 04/14/2021   Time: 1:24 PM   By: Candace Heinz, RN

Additional Comments: DUE TO MEDICAL REASONS AT THIS TIME PER MOTTER APRN NOT CLEARED FOR FOOD SERVICE JOB.

Clearance History

| Date | Time | Clearance By | Clearance | Denial Reason |
|---|---|---|---|---|
| 10/13/2020 | 3:06 PM | Sharon Smothers, RN | Yes | |

**Document generated by: C Heinz, RN   04/14/2021 01:25 PM**



# Health Services Request Form

| For Medical Use Only<br>Sólo para uso médico | |
|---|---|
| Date Received: | |
| Time Received: | |

Print Name (Imprimir nombre): Robert D. Blaurock

Date of Request: 4/21/21

ID #: 36516     Date of Birth (Fecha de nacimiento): 07/13/61

Housing Location (Ubicación de la vivienda): O-102

Nature of problem or request (Naturaleza del problema o solicitud): Medical lay-in status, awaiting double hernia (mesh failure) revision surgery. This is a medical malpractice tort, Dr Bradon Cunningham, Phillip co/ KS.

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuero con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de ugencia, si no se trata de una visita de seguimiento o por una derivación.)

_____
Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

(The area below is not to be used for education, counseling or documenting a clinical encounter)

Triaged by: _____ ☐ Routine   ☐ Urgent   ☐ Emergent

Date: _____   Time: _____

Date of Face-to-Face Visit: _____

Other: _____

Response Recommendation (to be completed by Medical Staff only)

| Initial | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
| Appointment | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |

Fee Charge  ☐ $2.00

Comments:

_____     _____
Staff Signature                              Date



Plaintiff's Exhibit R


centurion.

Centurion: REC-013KS
07/01/2020

# Health Services Request Form

| For Medical Use Only<br>Sólo para uso médico | |
| --- | --- |
| Date Received: | 9-24-71 |
| Time Received: | 0100 |

Print Name (Imprimir nombre): *Robert D. Blaurock*
Date of Request: *9/23/21*
ID #: *86516*       Date of Birth (Fecha de nacimiento): *07/15/61*
Housing Location (Ubicación de la vivienda): *D-1 (246)*
Nature of problem or request (Naturaleza del problema o solicitud): *Dr. Schuler;*
*Somehow and for unknown reason, the bottom*
*bunk restriction has disappeared from the computer.*
*Such status needs reinstatement.*

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuerdo con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de urgencia, si no se trata de una visita de seguimiento o por una derivación.)

98²
98 - 90 - 18
03 67
73,6

*Robert Blaurock*
Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

(The area below is not to be used for education, counseling or documenting a clinical encounter)
Triaged by: *M. Weber*      ☐ Routine   ☐ Urgent   ☐ Emergent
Date: *9/24/21*        Time: *0820*
Date of Face-to-Face Visit: *9/24/21*
Other: _____

Response Recommendation (to be completed by Medical Staff only)
Initial        ☒ Nurse   ☐ Doctor   ☐ Dentist   ☐ Eye Doctor   ☐ Mental Health   ☐ ARNP
Appointment   ☒ Nurse   ☐ Doctor   ☐ Dentist   ☐ Eye Doctor   ☐ Mental Health   ☐ ARNP
Fee Charge   ☐ $2.00   NC   FU
Comments: *Dulex updated with all restrictions*
*M. Weber RN*                          *9/24/21*
Staff Signature                          Date

*Issued 9/23/21 as well as*
*Bottom Bunk*

Centurion: REC-013KS
07/01/2020

Plaintiff's Exhibit S

centurion

0816

# Health Services Request Form

| For Medical Use Only<br>Sólo para uso médico | |
|---|---|
| Date Received: | 5-12-22 |
| Time Received: | 0000 |

Print Name (Imprimir nombre): **Robert D. Blaucock**

Date of Request: **5/10/22 P.m**

ID #: **86511c**       Date of Birth (Fecha de nacimiento): **7/15/61**

Housing Location (Ubicación de la vivienda): **D-1 (204)**

Nature of problem or request (Naturaleza del problema o solicitud): **I had abdominal surgery on 5/6/22. Problem: Open wound, ½" wide stitches ripped or dissolved. I could use some superglue/anti-biotic ointment**

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuero con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de ugencia, si no se trata de una visita de seguimiento o por una derivación.)

_____
Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

---

(The area below is not to be used for education, counseling or documenting a clinical encounter)

Triaged by: **Shara**                    ☑ Routine   ☐ Urgent   ☐ Emergent

Date: **5-12-22**                          Time: **0000**

Date of Face-to-Face Visit: **5/11/2**

Other: _____

**Response Recommendation (to be completed by Medical Staff only)**

Initial ☐ Nurse ☐ Doctor ☐ Dentist ☐ Eye Doctor ☐ Mental Health ☐ ARNP

Appointment ☐ Nurse ☐ Doctor ☐ Dentist ☐ Eye Doctor ☐ Mental Health ☐ ARNP

Fee Charge ☐ $2.00

Comments: Applied steri strip x1 - Education signs and symptoms of infection

_____       _____
Staff Signature                                    Date  5/11/2

Plaintiff's Exhibit T

Centurion: REC-013KS
07/01/2020

**centurion.**

(A.P.R.N.) Ms. Johnson,
Dr. Gaston; Centurion Health Care

To: _____     Date: ___05/13/22___

X _____
(Name and Title of Officer or Department)

_____
Unit Team Member Signature

**To be retained by Inmate**

---

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

RECEIVED
MAY 1 6 2022
Medical Records
EDCF 04552

KANSAS DEPARTMENT OF CORRECTIONS

BLAUROCK
_____
Last Name Only

86516
_____
**Number**

---

(A.P.R.N.) Ms. Johnson, **INMATE REQUEST TO STAFF MEMBER**
Dr. Gaston; Centurion Health Care

To: _____     Date: ___05/13/22___
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)   Original/copy made

Access and Copy of Operative Report: I'am requesting access and Copy of
the May 06, 2022 Operative Report, Dr. Gaston's report regarding the
lower abdominal-left side-inguinal hernia mesh revision procedure. I would
ask your co-operation without having to file an HIPPA Complaint Authorization
For Release of Patient Information pursuant to 45 C.F.R. 164.508*

Work Assignment: _medical layin_____   Living Unit Assignment: _D-1 (264)___

Comment: _____   Unit Team Members Signature: _____

Disposition: _____

Plaintiff's Exhibit U.

_____

To: _Blaurock 86516_____     Date: _5/18/22___
(Name & Number)

Disposition: We cannot provide copies of your records to you. You
may request to review the requested documents, and take
notts. Please see enclosed policies. You will be called up to
review your report, once the records have been received
_SDDL, Med.Rec._   and scanned into your chart.
Employee's Signature   As of this date, they are **To be returned to inmate.**
not on the computer.

P-0009b



| | Kansas Department of Corrections *Policies and Procedures* | Policy Number: P-A-08a | Page 3 of 6 |
|---|---|---|---|

**Subject: HIPAA Compliance**

g.  The Final Privacy Rule states that while individuals are in a correctional facility or in the lawful custody of a law enforcement official, covered entities (for example, the prison's clinic) can use or disclose Protected Health Information about these individuals without authorization to the correctional facility or the law enforcement official having custody as necessary for:

- Provision of healthcare to such individuals
- Health and safety of individual or other patients
- Health and safety of the officers, of employees, or of others at the correctional institution
- Health and safety of individuals and officers or other persons responsible for transporting patients or their transfer from one institution or facility to another
- Law enforcement on the premises of the correctional institution
- The administration and maintenance of the safety, security, and good order of the correctional institution. This section is intended to allow, for example, a medical provider to disclose to a van driver transporting a patient that the individual is a diabetic and frequently has seizures, as well as information about the appropriate action to take if the individual has a seizure while he/she is being transported
- Covered entities are allowed to disclose Protected Health Information about individuals if correctional institution or law enforcement official represents that Protected Health Information is necessary

h.  The Privacy Rule establishes that an individual has the right to review "designated record sets" of his/her Protected Health Information. The Rule supports the right of review of the information by patients but does not require the correctional agency to provide the patient copies of his/her Protected Health Information. Under special circumstances, patient requests for copies of Protected Health Information may be denied by the correctional institution or covered entity. A patient request for copies of Protected Health Information may be denied when:

- Obtaining a copy would jeopardize the health, safety, security, custody or rehabilitation of the individual or other patients or the safety of any officer employee or other person at the correctional institution or responsible for transporting the patient
- These determinations are made in collaboration with the KDOC and in most cases involve consultation with the KDOC's legal counsel
- Even though such denials may be made, a personal representative may obtain access on the patient's behalf in some cases in which denial has been made to the patient. For example, a patient may be denied a copy of Protected Health Information, but a personal representative may obtain access on the individual's behalf


Plaintiff's Exhibit V(1)

**IV. Dissemination of Juvenile Offender Non-CHRI**

    A.    Non-CHRI may be released only as provided by K.S.A. 38-2310, 38-2311 and 38-2316.

**V. Offender and Former Offender Access to Their Records (ACO 2-1E-06, ACI 3-4095)**

    A.    An offender or former offender shall have limited access to his/her own records as follows:

        1.    May receive a copy of conviction data from the FBI record in accordance with K.A.R. 10-13-1 and 10-13-2.

        2.    May schedule an appointment with a member of the clinical staff to discuss the contents of a medical record, clinical evaluation and/or treatment record prepared by a clinical staff member.

            a.    The offender or former offender shall not be furnished a copy.

    B.    If the offender or former offender feels that the information request has been improperly denied, the offender/former offender may request a meeting with the facility warden/superintendent or designee or parole director or designee.

**VI. Documentation of Dissemination**

    A.    The dissemination of any CHRI shall be logged in the individual's file on the CHRI Dissemination Log, (Attachment B) or documented in the contact notes for offenders on community supervision.

    B.    The Central Office, or facility providing the CHRI, shall attach or stamp the following notice to non-conviction data before it is disseminated:

        1.    **This information is restricted as to use and dissemination. Civil and criminal penalties exist for misuse. See Kansas Criminal History Plan. Kansas Department of Corrections.**

            Date: _____      Released By: _____

                                             Logged By: _____

        2.    The above notice is not required if information is furnished for the purpose of processing a charge through the criminal justice system and if it relates only to the charge currently in process.

    C.    The signed Consent for Release of Confidential Information form (Attachment A), executed prior to the release of any information, shall serve as documentation of the dissemination of non-CHRI material.

        1.    A copy of the completed form shall be maintained in the offender's Master File or parole case file, for offenders on supervision in the community. (ACO 2-1E-07, ACI 3-4096)

**VII. ADULT: Release of Attorney's and Diagnostic Reports**

    A.    Under no circumstances shall the contents of either the County/District Attorney's or Defense Attorney's report be released to offenders or former offenders.

    B.    The diagnostic report prepared by the El Dorado Correctional Facility Reception and Diagnostic Unit (EDCF-RDU) for male offenders or, in the case of female offenders, Topeka Correctional Facility Reception and Diagnostic Unit (TCF-RDU) may be disclosed in accordance with K.S.A. 75-5266 which permits dissemination to the sentencing court, the County/District Attorney, the attorney for the defendant or offender, the Prisoner Review Board and its staff, the wardens and



Plaintiff's Exhibit V.(2)

*Original*
*Copy to Centurion*

## HIPAA Compliant Authorization For Release Of Patient Information
### Pursuant to 45 C.F.R. 164.508*

Patient Name: Robert Dean Blaurock

Date of Birth:  July 15, 1961          Soc. Sec. #:  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

Medical Provider: Centurion Health Care Provider, E.D.C.F.
                  1737 S.E. 54 Highway, P.O. Box 311
                  El Dorado, Kansas 67042

Requestor:              Name Robert D. Blaurock, # 86516
                        Address E.D.C.F., P.O. Box 311, El Dorado KS. 67042
                        Contact: (mysel)

    I authorize the disclosure of all protected information for the purpose of review and evaluation in connection with a legal claim. I expressly request that the designated record custodian of all covered entities under HIPAA identified above disclose full and complete medical health information for the time period of 08/01/20 until the conclusion of litigation, including the following:

- All medical records, meaning every page in my record, including, but not limited to: office notes, face sheets, history and physical, consultation notes, inpatient, outpatient and emergency room treatment, all clinical charts, reports, order sheets, progress notes, nurse's notes, social worker records, clinic records, treatment plans, admission records, discharge summaries, requests for and reports of consultations, documents, correspondence, photographs, videotapes, telephone messages, and records received from other physicians or health care providers;

- All physical, occupational and rehab requests, consultations and progress notes;

- All disability, Medicaid or Medicare records including claim forms and record of denial of benefits;

- All autopsy, laboratory, histology, cystology, pathology, radiology films and reports, CT Scan, MRI, angiograms, echocardiogram videos and reports, cardiac catheterization videos/CDs/films/reels and reports, mammograms, myelograms, bone scans;

- All pathology, cytology, histology, autopsy, immuno-histo-chemistry specimens and materials including, but not limited to, slides and blocks;

- All pharmacy/prescription records, including, but not limited to: NDC numbers and drug information handouts/monographs;

- All billing records, including, but not limited to: all statements, insurance claim forms, itemized bills, and records of billing to third party payers and payment or denial of benefits;



Plaintiff's Exhibit W(1)

{00179281.DOCX}

- All insurance records, including, but not limited to:  all policies and exclusions;

- All documents related to amendment of any record requested;

This authorization expressly permits the requestor to speak/consult with records custodians, accounting representatives, nurses and doctors regarding the above for the purpose of obtaining the above-referenced documents and information.

I understand the information to be released or disclosed may include information relating to sexually transmitted diseases, acquired immunodeficiency syndrome (AIDS) or human immune-deficiency virus (HIV), psychiatric, and alcohol and drug abuse.  I authorize the release or disclosure of this type of information.

This authorization is given in compliance with the federal consent requirements for release of alcohol or substance abuse records of 42 CFR 2.31, the restrictions of which have been specifically considered and expressly waived.

You are authorized to release the above records to <u>Robert D. Blaurock(myself)</u> who have agreed to pay reasonable charges made by you to supply copies of such records.

This authorization is effective until (date) _____, or when the following event occurs: __Conclusion of legal matter__.  I understand that I may revoke this authorization at any time, except to the extent that action has already been taken in reliance upon it, by giving written notice to <u>Centurion Health Care Provider, E.D.C.F., 1737 S.E. 54 Hwy. El Dorado, KS. 67042</u>

I acknowledge the potential for information disclosed pursuant to this authorization to be subject to re-disclosure by the recipient and no longer be protected under 45 CFR 164.508.  I understand that the covered entity to who this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization.

Any facsimile, copy or photocopy of the authorization authorizes you to release the records requested herein.

Signature of Patient if 18 years of age or older _____ Date 6/3/22

Signature of Parent or Legal Representative_____ Date_____

Relationship to Patient, if not signed by Patient _____

STATE OF ___KS___ )
                                    ) ss.
COUNTY OF ___Butler___ )

NOTARY PUBLIC - State of Kansas
AMANDA JOHNSON
My Appt Expires _____

Subscribed and sworn to before me this __3__ day of __June 2022__

_____
Notary Public

MY COMMISSION EXPIRES: __5-24-26__

Plaintiff's Exhibit W(4)

{00179281.DOCX}

INMATE REQUEST TO STAFF MEMBER

To: _Centurion Records Clerk,_
_? Good_          Date: _06/20/22_
(Name and Title of Officer or Department)

_____
Unit Team Member Signature          To be retained by Inmate

Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

RECEIVED
JUN 21 2022
Medical Records
EDCF 04552

KANSAS DEPARTMENT OF CORRECTIONS

_Blaurock_
Last Name Only

_86516_
Number

_Centurion_          INMATE REQUEST TO STAFF MEMBER
To: _Records Clerk,_          _Good_  Date: _06/20/22_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

As indicated upon your response to the prior Form-9, you stated that, I would be called upon to review the May 06, 2022 Operative Report prepared by Dr. Easton. However, no such appt. has been scheduled. I would appreciate compliance in regards to my HIPPA Request and other similar release of patient info. forms.

Work Assignment: _medical layin_          Living Unit Assignment: _D-1 (264)_

Comment: _____  Unit Team Members Signature: _____

Disposition: _____

Plaintiff's Exhibit-Y

To: _Blaurock 86516_          Date: _6/23/22_
(Name & Number)

Disposition: _It stated that when the doctors notes have been received + scanned in - you would be called up. Those notes are still not in the computer. You will be called up when I have access them to them._

_Good, Med. Rec._
Employee's Signature          To be returned to inmate.

P-0009b

INMATE REQUEST TO STAFF MEMBER

To: Ms. Good, Records Clerk
    Centurion Health Care
    (Name and Title of Officer or Department)

Date: 06/30/22

_Unit Team Member Signature_

**To be retained by Inmate**

**Form 9**
For Cellhouse Transfer
Work Assignment
Interview Requests

RECEIVED
JUL 0 1 2022
Medical Records
EDCF 04552
KANSAS DEPARTMENT OF CORRECTIONS

BLAUROCK
Last Name Only

86516
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: Ms. Good, Records
    Centurion Health Care
    (Name and Title of Officer or Department)

Date: 06/30/22

State completely but briefly the problem on which you desire assistance. (Be specific.)

INFORMATION REQUEST NON-PRIVILEGED: I'am requesting Dr. Gaston's
first name only. Such is necessary for Court purposes, expert witness.

Work Assignment: medical layin          Living Unit Assignment: D-1 (264)

Comment: _____     Unit Team Members Signature: _____

Disposition:

Plaintiff's Exhibit Z

To: Blaurock 86516          Date: 7/1/22
    (Name & Number)

Disposition: Per HSA, He cannot provide this information.

_Mood, Med. Rec._
Employee's Signature

**To be returned to inmate.**

P-0009b