IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA

| | |
|---|---|
| ROBERT D. BLAUROCK,<br><br>      Plaintiff;<br><br>v.<br><br>SOUTHWIND SURGICAL GROUP,<br>BRANDON S. CUNNINGHAM, M.D.;<br>ALAINA D. DRESSLER, P.A.;<br>C.R. BARD INC., et.al<br>CORIZON HEALTH, LLC.<br>CENTURION MANAGED CARE OF<br>VIRGINIA, LLC.; FOR K.D.O.C.;<br><br>      Defendants. | Case No. 6:22-cv-1196<br><br>Removal from the District Court<br>of Butler County, Kansas<br><br>Case No. BU.-2022-cv-173<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S
## NOTICE OF REMOVAL

The Plaintiff Robert D. Blaurock, pro se; in the above captioned case matter, hereby requests this Court to deny the defendant's request to remove the foregoing medical malpractice tort from the State of Kansas, Butler County, Kansas District Court. Plaintiff's objections are as follows:

1.    Plaintiff is an inmate in the custody of the Secretary of Corrections, State of Kansas, Kansas Dept. of Corrections.

2.    Plaintiff's injuries, as claimed; occurred while he is serving a prison term in the custody of the Kansas Secretary of Corrections, K.D.O.C. As such, the Butler County, Kansas District Court and citizen jurors are capable of resolving the plaintiff's claims.

IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
(THIRTEENTH JUDICIAL DISTRICT)

| | |
|---|---|
| ROBERT D. BLAUROCK. | |
| Plaintiff/Petitioner. | |
| v. | |
| SOUTHWIND SURGICAL GROUP. | |
| BRANDON S. CUNNINGHAM. M.D.: | |
| ALAINA D. DRESSLER. P.A.; | Case No. BU-2022-cv-173 |
| C.R. BARD INC., et.al. | |
| CORIZON HEALTH. LLC.; | |
| CENTURION MANAGED CARE OF VIRGINIA. LLC.; | |
| FOR K.D.O.C. | Petition Pursuant to K.S.A. |
| Defendant/Respondents. | Chapter 60 |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S NOTICE OF REMOVAL

The Plaintiff Robert D. Blaurock, pro se, in the above captioned case matter, hereby requests this Court to deny the defendant's request to remove the foregoing medical malpractice tort from the State of Kansas, Butler County, Kansas District Court. Plaintiff's objections are as follows:

1.    Plaintiff is an inmate in the custody of the Secrretary of Corrections, State of Kansas, Kansas Dept. of Corrections.

2.    Plaintiff's injuries, as claimed; occurred while he is serving a prison term in the custody of the Kansas Secretary of Corrections, K.D.O.C. As such, the Butler County, Kansas District Court and citizen jurors are capable of resolving the plaintiff's claims.

1.

3.     K.S.A. 60-513(7)(c) is the correct/applicable statutory
authority for a medical malpractice, personal injury tort
claim. Proper Jurisdiction is established.

4.     Plaintiff filed his medical malpractice, personal injury
petition in the Butler County, Kansas District Court, where the
plaintiff resides in such County. Proper venue established.

5.     Plaintiff is not a person in custody of the U.S. (B.O.P.),
nor did his injury occur while serving a federal sentence.

6.     Plaintiff did not file a 42 U.S.C. § 1983 claim in any
federal Court. Under the P.L.R.A., a state prisoner must first
present and exhaust personal injury claims in state Courts
prior to seeking redress in a federal Court. Neither parties
to the action have had this matter resolved in state Court.
Procedural rules should equally apply to all parties involved.

7.     Plaintiff objects to removal from the state Courts.

### PLAINTIFF'S RESPONSE TO MOTION/NOTICE OF REMOVAL

A.     (Pg.1)     Plaintiff acknowledges that the defendant C.R.
Bard Inc. was named as Bard Davol Inc., and agrees to identify
said defendant C.R. Bard Inc. from this date forward.

B.     (Pg.1)     Plaintiff objects to counsel for C.R. Bard Inc.
statement that the amount in controversy exceeds $ 75,000.00,
which would then allow said defendant to seek removal from the
state Court under 28 U.S.C. § § 1332,1441, and 1446. Such
amount stated to by defendant's counsel is only an estimate,
one which probably includes attorney fees and Court costs, etc.

Actually and Factually there are six named defendants,
who may possibly share liability in the $ 200,000.00 total
claim amount.

Here, no facts, evidences nor testimonies have been placed
before a jury, a jury to which even the defendant C.R. Bard Inc.
consents. Only after presentation of all facts, evidences and
testimonies could a jury determine the percentage of liability or
amount to be assessed against each of the six named defendants,
providing the plaintiff prevails on any of his claims. As such,
counsel for the defendant C.R. Bard Inc. cost estimations are
premature or presumptuous, alike the notice to remove.

I.   PROCEDURAL BACKGROUND AND RELEVANT FACTS

1.   The Certificate of Service attached to the medical
     malpractice tort, readily indicates a notary date as 7/25/22.
     On 7/26/22, by means of a K.D.O.C./A.W.R., plaintiff authorized
     the $ 195.00 filing fee to the Butler County, KS.D.Ct. Central
     Inmate Banking did not release payment until a later date.
     The Clerk of the Court in Butler County, KS. could not apply
     a Court Case No. prior to receipt of said check for payment.
     Such K.D.O.C. delays result in the 07/28/22 court filing date.

2.   Defendant C.R. Bard Inc. could not be afforded a copy of
     the petition without first having a Court Case No. assigned,
     later made known to the plaintiff as BU-2022-cv-173.   The
     08/22/22 receipt date to C.R. Bard Inc. is attributable to
     both the K.D.O.C./C.I.B./Unit Team Mr. Henke absence. E.D.C.F.
     remains on lockdown status, therefore legal mail is unit
     team dependent as to deposits in the U.S. Mail.

3.   Under 28 U.S.C. § 1446(b)(1) " all defendants must consent
     to removal of the action. " Bard is not the only enjoined
     defendant served. No other parties have thus so far given
     removal consent. The argument is moot.

3.

4.   Service of Petition upon other defendants:

a.   U.S.P.S. Tracking # EP 9200 1901 1220 3981 7020 83

assures service upon Southwing Surgical, Brandon Cunningham.

b.   U.S.P.S. Tracking # EP 9200 1901 1220 3981 7026 94

assures service upon Southwind Surgical, Alaina D. Dressler.

c.   U.S.P.S. Tracking # EP 9200 1901 1220 3981 7030 11

assures service upon C.R. Bard Inc.

d.   U.P.S.P.S. Tracking # EP 9200 1901 1220 3981 7036 84

assures service upon Centurion Health Care Providers

The K.D.O.C./E.D.C.F. mailroom officer and/or unit team havent

yet provided the same U.S.P.S. Tracking for Corizon LLC.

Attorney for defendant C.R. Bard Inc. should wait to receive

consent from " [a]ll other defendants prior to removal. "

5.   Obviously none of the other named defendants have consented

to the removal of this action, otherwise they themselves would

have filed their own removal notice or consent in federal Court.

The Healthcare defendants are not fraudulenty enjoined. The

exceptions to the uninimity rule are inapplicable, this

contrary to Attorney Kara T. Stubb's assertions.

6.   Not only did Mr.Jerry Gaston, M.D. on the date of 5/6/22

remove the Bard Davol Merlin Perfix Plug.[Ref] 0122780, [Lot]

HUBX 1127, exp. date 10/28/22, said physician/surgeon

implemented a different procedure to assure non-tear out of

the different brand hernia mesh. Again, contrary to Attorney

Kara T. Stubb's incorrect assertion, no new internal burning/

stinging sensations are a result of the new surgery or new

mesh. The current burning/stinging internal sensations are

on plaintiff's right side, and he is concerned about tear out

4.

the remaining 1 Plug Marlin Perfix Mesh [Ref] 0112780,
[Lot] HUCT 2077, exp. date 6/28/23. One such mesh product,
whether a result of faulty material or improper installation
has already failed. The possibility of repeat failure is
likely and probable. A secondary procedure was necessary.

7.    Plaintiff stipulates that no other civil action has been
filed pertaining to the complaints made in this case matter.

8.    Contrary to attorney Kara T. Stubb's assertion, defendants
Southwind Surgical Group, Brandon S. Cunningham, and Alaina D.
Dressler are properly joined citizens in the state of Kansas.

9.    Contrary to attorney Kara T. Stubb's assertion, the U.S.
District Court, is located in the city of Wichita, Kansas,
County of Sedgwick, not Butler County, Kansas where the action
is pending. Therefore, the venue is not proper in Sedgwick Co.

## II.    TIMELINESS OF REMOVAL NOTICE

10.    Under 28 U.S.C. § 1446(b)(1), defendant C.R. Bard. Inc.
by and through counsel of record has timely filed the removal
notice, this according to date of petition's receipt. However,
irregardless, 28 U.S.C. § 1446(b)(2)(A) and 28 U.S.C. § 1441(a0
becomes applicable. Not all defendants have consented to
removal. Does defendant C.R. Bard Inc. rely on 28 U.S.C.§ 1332?

11.    C.R. Bard Inc. cannot possibly assert lack of personal
jurisdiction, they manufactured and retailed the mesh. Proper
venue is Butler County, KS. There is no insufficent process
where C.R. Bard received the petition and hired defense
counsel. As to insufficient service of process, the Butler Co.
Sheriff Dept., c/o Monty Hughey, 141 S. Gordy St., El Dorado,
KS. 67042, Tele. (316)-322-4254 shall serve summons A.S.A.P.

Plaintiff, on the date of 8/25/22, by means of K.D.O.C.
(A.W.R.), authorized Central Inmate Banking to pay the amount
of $ 90.00 to the Butler County, Kansas Sheriff Dept., c/o
Sheriff Mr.Monty Hughey, 141 S. Gordy St., El Dorado, KS.
67042, Tele. No. (316)-322-4254, for the purpose of summons
fee upon six named defendants. Similar to the filing fee
delay, K.D.O.C./C.I.B. issues checks once per two weeks.
Plaintiff timely complied with service of summons within the
time limits proscribed under K.S.A.(s) 60-301 - 60-304.

### III.    JURISDICTION AND VENUE OBJECTION

12.    Plaintiff disputes the amount in controversy exceeding
$ 75,000.00 ' exclusive of interest and costs.' Defendant
C.R. Bard Inc. may chose to enter into settlement negotiations
instead of pursuing unnecessary expenses of a trial setting.

13.    Plaintiff stipulates to the statement on (pg.4, para.13).

14.    For the purpose of determining diversity as a citizen,
C.R. Bard Inc., a corporation under the laws of New Jersey;
business manufacturing address is in Warwick, Rhode Island.

15.    Southwind Surgical Group, whether a corporation or Medical
Care Facility is doing business in the State of Kansas.

16.    Defendants Brandon S. Cunninham, M.D. and Alaina D.
Dressler, P.A. are physicians practicing the Art of Medical
Healing, probably license by the Kansas State Board of
Medical Directors, through Southwind Surgical Group.

17.    For the purpose of determining diversity as a citizen,
and according to information available through internet
services, Defendant Corizon Health LLC./Corizon Inc. is
located in Sommerville, Maryland, unless recently relocated.

6.

Such corporation is a subsidiary under M2 Holding Co.,
M2 Equity Co., wholly owned by Valitas Intermediate Holding
Co., this according to 2020 internet research informations.
In K.D.O.C., alike most prison enviorments, the contract
medical care providers operate under numberous shelters.

18.    Plaintiff stipulates to the statement made on (pg.5, para.
18) as correct, e.g. Centurion Managed Care of Virginia, Here,
at K.D.O.C., sick call forms identify Centurion only.

19.    The Kansas Dept. of Corrections is an entity or division
of the State of Kansas, and is a defendant only in the sense
that the KS. Sec. of Corr. or KS. Gov. has contracted for
medical care with Corizon LLC. and now Centurion Managed Care.

20.    The Healthcare Defendants are not improperly/fraudulently
joined in this civil action, they are a contract medical care
provider, authorized to provide medical care services to
persons in custody of the KS. Dept. of Corr. Plaintiff could
not have sought medical treatments/surgeries without the
recommendation of such Healthcare providers and approval of
the chief physician employed by the Ks. Dept. of Corr. As
such, plaintiff is a party to such contract agreement.

21.    Contrary to attorney Kara T. Stubb's assertions made in
(pg.5-6, para.21), plaintiff has indeed established a cause of
action against all joined parties. Plaintiff did not himself
select the C.R. Bard Inc., e.g. surgical mesh, nor perform
surgery upon himself, nor select the physcans and hospital
to which the operations occurred, nor pay for costs thereof.
The named Healthcare Defendants made all such decisions and
are responsible for any negligent outcomes or errors made.

22.   Plaintiff should not have to reiterate a cause of action, such is clearly stated within the tort claim petition regarding probable negligence, his injuries are real, factual and supported by competent medical records and submitted exhibits. However, for opposing counsel's understanding:

A.   Defendant C.R. Bard Inc., manufacture of the Merlin Perfix Plug, through Davol, should know by means of reasearch and development a reasonable estimation as to the percentage of possible failure of their surgical mesh. Information on this subject becomes available to them by complaints filed with their Corp.Co. whether in a Court of law or American Medical Association. To allow a possible or known faulty product usage constitutes negligence, if not a criminal act under the Consumer Protection Act. Similarly, as in this immediate pending court case matter, C.R. Bard Inc. would know if a product liability existed by the amount of times sued.

B.   Healthcare Defendants Corizon LLC./Corizon Inc. should have complete access to warnings, notices, publications, or internet informations regarding a possible unreliable medical product such as surgical mesh. Inquiries could have been made prior to allowing a possible/probable inadequate mesh to be inserted into an inmate/patient under their care, not only to sheild themselves from liability but the plaintiff's health. Such act constitutes negligence. Patient injury is forseeable.

C.   Defendant Southwind Surgical Group is a Corp./Co. who employs physicians and nurses under contract to provide medical care to all persons. Southwind would be aware as to whether or not a physician, i.e. Brandon S. Cunningham, M.D. and/or

8.

Alaina D. Dressler, P.A. possess the skills necessary to perform the type of procedure rendered the plaintiff. It is unclear as to whether or not Brandon S. Cunningham, M.D. and Alaina D. Dressler, P.A. implemented the proper technique, due to the sizes and location of the plaintiff's hernias. Brandon S. Cunningham, M.D. and Alaina D. Dressler, P.A. may have been aware of past mesh failures involving the use of G.R. Bard Inc. products, Likewise, Southwind Surgical Group would also reasonably be aware of the same information. It is hard for the plaintiff to believe that, due to the large amount of television advertisements and attorney/law firms representing clients who experienced bad/faulty surgical mesh, would not know which products are considered unreliable. Consumer Reports often publish such informations alike monthly medical journals.

D.   Healthcare provider Centurion Managed Care of Virginia is the current healthcare provider contracted by the State of Kansas to render healthcare services to the KS.Dept. of Corr. and the inmate/persons incarcerated therein. Centurion. or the State of Kansas carries the insurance policy which grants payment for healthcare services rendered. Centurion either employs or contracts with Mr.Jerry Gaston, M.D. who performed removal of the C.R. Bard Inc. mesh upon the plaintiff. Dr. Gaston implemented a surgical technique of mesh installed under the pelvic bone and more mesh on top of the pelvic bone, then sewn/attached possibly to plaintiff's left leg inseam. K.D.O.C. or Centurion may opt to be reimbursed expenditures.

9.

Nonetheless, Mr.Jery Gaston, M.D.'s Operative Report will bring pertinent information as to whether the C.R. Bard Inc. mesh is responsible for a secondary reparative procedure or whether the two prior physicians erred in surgical technique. Mr.Jerry Gaston, M.D. is the proper expert medical witness.

All of these factual informations displays that the named healthcare defendants are not fraudulently joined.

23.    As stated to in plaintiff's Motion/Request For An Expert Medical Witness, and in para. 22 response, Mr.Jerry Gaston is asked to become plaintiff's expert medical witness. Dr. Gaston will testify that: (a) the Marlin Perfix Plug/Mesh was the incorrect type of product used during the 11/02/18 procedure, due to the extent of injury, or (b) Brandon S. Cunningham, M.D. and Alaina D. Dressler, P.A. implemented an incorrect surgical technique; or (c) the C.R. Bard Inc. product is at fault for plaintiff's secondary injury and revision surgery. Even without an expert medical witness, the 5/06/22 Operative Report will provide enough detailed information to overcome summary judgment request by defendant C.R. Bard Inc. by and through attorney Kara T. Stubbs. According to K.D.O.C./ E.D.C.F. unit teams Mr. Henke and Mr. Greggs, plaintiff's motion to the Court for appointment of an expert medical witness was mailed on September 1st, 2022. Plaintiff cannot possibly provide any opposing party/defendant copy of the 5/06/22 Operative Report nor Expert Medical Witness or offer the Court the same until such information is provided to him by means of discovery/disclosure, written statement or live testimony at trial. Counsel's pleading is premature.

However, due to pre-secondary surgery examinations, and by medical instruments (X-Ray/Sonogram) plaintiff can state absolute and with confidence, facts told to him by Dr. Gaston, identified herein (Pg.10, para.23(a)(b)(c) and others. Such is what Jerry Gaston will testify amongst additional detail.

Furthermore, plaintiff has not yet submitted his already prepare Motion/Request For A Medical Review/Screening Panel, there are procedures and hearings to conducted prior. Again, attorney Kara T. Stubb's subtle hints of requesting summary dismissal on behalf of C.R. Bard are premature and improper.

24.    Plaintiff's claims are not barred by procedural requirements, nor has plaintiff alleged that the Healthcare Defendants are engaged in selling medical devices. The named Healthcare defendants are in the business of purchasing medical devices from sellers, such as C.R. Bard Inc. Plaintiff makes no claims involving (K.P.L.A.) or K.S.A. 60-3302. Atty. Kara T. Stubbs does not represent the Healthcare defendants, has not been paid a retainer fee for such services, and may wish to refrain from making arguments of summary dismissal.

25.    The physicians and hospitals can be held liable for products implanted into patients, if they had any previous knowledge of an unsafe product, such act may then equate to intentional misconduct. This information will not become available until subpoena of records are made which may reveal or indicate that the hospital and physicians have been named as defendants in other civil litigations due to usage of a C.R. Bard Inc. product. Discovery, Disclosure and Inspection of such information is not yet available.

26.    It is obvious that the Healthcare Defendants purchased the
Perfix Plug hernia repair device, i.e. mesh from C.R. Bard.
The 11/02/18 Operative Report states to such. Attorney Kara T.
Stubb's arguments are circular. There are limited amounts of
causation: (i) Bard manufactured inadequate or unsafe mesh,
(ii) the physicians incorrectly installed the mesh; (iii) the
Plug style mesh was the incorrect product to use for the
injury. Plaintiff's petition asserts both product liability
and possible lack of skills on the physician's behalf. Again,
the 05/06/22 Operative Report and written testimony of Jerry
Gaston, M.D. thereupon will determine if both claims exist.
Contrary to attorney Kara T. Stubb's arguments, any hospital,
physician/surgeon in the business of rendering healthcare,
[***esp.] insertion of a medical device into a patient would
reasonably make the necessary inquiries as to whether or not
the medical devices used by them are in question. The inquiry
may then pause such devices usage. Arguments of a product
liability vs. physician malpractice are best reserved after
evidences and testimonies are aduced in a trial setting.
Each named defendant must be given opportunity to explain
their knowledge and actions, then liability is determined.

27. The Plaintiff has submitted only one original complaint.
There is no such amended complaint unless deemed necessary at
a later date.

28.    The case citations made by counsel for C.R. Bard Inc.
involve matters decided or resolved in Va. and Minn., such
are not binding upon the Kansas Courts, state or federal.

29.   This Court should consider the Healthcare Defendants
in state status as a bar to removal. No fraudulent joinder
has occurred. Evidences and testimonies are to be adduced
throughout trial like proceedings. C.R. Bard Inc.'s counsel
has not cited any Kansas controlling caselaw, case citation.

### IV.    THE AMOUNT IN CONTROVERSY

30.   Plaintiff's counter to removal remains the same, that
there are five or six other named defendants/parties to the
action. If C.R. Bard Inc. were the only defendant, then the
$ 75,000.00 amount would support removal. Other defendants
may become known, resulting in an amended complaint under
K.S.A. § 60-215(b). There may be John Doe No.'s 1,2,3,4,5,
or Jane Doe No.'s 1,2,3,4,5. As yet to be disclosed evidences,
facts and testimonies are to come, it may be found that no
product liability exists, it may be solely malpractice.

31.   Plaintiff is seeking the maximum amount of $ 200,000.00
for his injuries as allowed under K.S.A. § 60-513. However,
the jurisdictional requirement is still not met for removal
purposes, due to the number of known or unknown defendants.

32.   Plaintiff has experienced multiple adverse events after
implantation of the C.R. Bard Inc. medical device as claimed.
Should plaintiff prevail on his claims by jury decision, he
would request any amounts awarded him to be enforced.

33.   Plaintiff believes that diversity jurisdiction as claimed
by the attorney for C.R. Bard Inc. cannot be established
until all evidences, records, exhibits, testimonies are
before the Court and jury, irregardless of the $ 75,000.00

13.

federal statutory safegaurd.

34.    Attorney for the defendant C.R. Bard Inc. has attached
to the removal notification motion only four of the seven
plaintiff's motions afforded the state courts and defendants.
Actually, aside from the seven already known motions, approx.
three or four other and seperate motions are not yet available,
such as: (medical malpractice screening panel, appointment
of counsel to plaintiff, additional discovery/disclosure/
inspection and copy requests), etc.

35.    Plaintiff has received his copy of the removal notice
request, from attorney representing C.R. Bard Inc. Plaintiff
has no notice of receipt by the state court.

WHEREFORE, plaintiff respectfully asks both the state Court
and federal Court not to remove his civil action from the state
Court, for all the reasonings stated to herein his objection.
There exists no verifiable datas to support removal, because
all of the facts, evidences, exhibits and records are not fully
developed or made known to plaintiff nor defendants.

RESPECTFULLY SUBMITTED
Robert D. Blaurock

14.

## CERTIFICATE OF SERVICE
### ADDITION

This is to certify that on this _12th_ day of Sept. 2022, I
forwarded to the Clerk of the Butler County, Kansas Districy
Court and The United States District Court for the District of
Kansas, at Wichita, KS. one original and adequate copies of this
forgoinng Plaintiff's Objection To Conditional Transfer Order(CTO-98)
through the U.S. Mail/Postal Services, first class, postage paid,
**and that additional attorney for C.R. Bard,Inc., Davol Inc.
has received copy of the same. MDL Docket No. 2846**

Mr.Michael K. Brown, Atty.  
REED SMITH LLP.  
355 South Grand Ave.  
Suite 2900  
Los Angeles, CA. 90071  
1-213-457-8000 Tele.  
1-213-457-8080  

Robert D. Blaurock  
# 86516  
E.D.C.F.  
1737 S.E. %4 Hwy.  
P.O. Box 311  
El Dorado, KS. 67042  

Clerk of the Panel  
United States Judicial Panel on Multidistrict Litigation  
Thurgood Marshal Federal Judiciary Building  
On Columbus Circle, NE, Room G-255, North Lobby  
Washington, DC. 20002-8041  
(202)-502-2888  

Sworn to before me on this _12th_ day of September 2022.

NOTARY PUBLIC

Submitted under ther penalty of perjury as desribed by K.S.A. §
53-601 and/or 28 U.S.C. § 1746, deposited into U.S. Mail on this date.

## CERTIFICATE OF SERVICE

This is to certify that on this ⟍/2̲⟋ʰⁱ day of Sept. 2022,
I forwarded to the Clerk of the Butler County, Kansas District
Court and Clerk of the U.S. District Court, District of Kansas,
at Wichita, Kansas one original and additional copies of this
foregoing Plaintiff's Objection To Defendant's Removal Notice,
through the U.S. Mail/Postal Service, first class, postage paid.

Clerk,
United States District Court
Room 204.
401 N. Market Street
Wichita, Kansas 67202-2096

Southwind Surgical Group
c/o Brandon S. Cunningham, M.D.
2500 Caterbury Drive, Suite 202
Hays, Kansas 67601
(785)-623-5945 Tele.
(785)-623-5949 Fax.

Southwind Surgical Group
c/o Alaina D. Dressler, P.A.
2500 Canterbury Drive, Suite 202
Hays, Kansas 67601
(785)-623-5945 Tele.
(785)-623-5949 Fax.

Centurion Managed Care
of Virginia
1593 SpringHill Rd., Suite 600
Vienna, Virginia 22182
(703)-749-4600 Tele.

Corizon LLC./Corizon Inc.
M2 Holding Co.
M2 Equity Co.
Valitas Intermediate Holding Co.
2 Richdale Drive
Sommerville, Maryland 02145-3716
(978)-270-0273 Tele.

Clerk of the Court
Butler County, Kansas D.Ct.
Judicial Center
c/o Jannell Jessup
201 West Pine Ave.,
El Dorado, KS. 67042
(316)-322-4370 Tele.
(800)-595-3561 Fax.

C.R. Bard Inc.
100 Crossings Road
Warwick, Rhode Island 02886
1-800-556-6275,
by and through their counsel
Kara T. Stubbs, Atty.# 15805
Baker Sterchi Cowden & Rice LLC.
2400 Pershing Road, Suite 500
Kansas City, Mo. 64108
(816)-471-2121 Tele
(816)-472-0288 Fax.

*Robert D. Blaurock*
Robert D. Blaurock
# 86516
E.D.C.F.
1737 S.E. 54 Hwy.
P.O. Box 311
El Dorado, KS. 67042

Sworn to before me on this ⟍/2̲⟋ʰ day of Sept. 2022

_____
NOTARY PUBLIC

Submitted under the penalty of perjury, K.S.A. § 53-601 and.or
28 U.S.C. § 1746 on the date indicated. No Notary Available.

UNITED STATES JUDICIAL PANEL

on

MULTIDISTRICT LITIGATION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE
HERNIA MESH PRODUCTS LIABILITY LITIGATION     MDL No. 2846

PLAINTIFF'S OBJECTION TO
CONDITIONAL TRANSFER ORDER (CTO-98)

The Plaintiff Robert D. Blaurock, pro se, in the above
named case matter, hereby objects to the Conditional Transfer
Order (CTO-98), for all the reasonings stated to throughout
the attached Plaintiff's Objection To Defendant's Notice Of
Removal, which was filed to the United States District Court,
District of Kansas (at Wichita, Kansas), placed into the U.S.
Mail/Postal Service, postage paid, on the date of September
12th, 2022.

E-Filed on Sept. 14th, 2022 to:
Clerk of the Panel
United States Judicial Panel on Multidistrict Litigation
ThurgoodMarshal Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC. 20002-8041
c/o John W. Nichols

RESPECTFULLY SUBMITTED
Robert D. Blaurock
# 86516
El Dorado Correctional Facility
1737 S.E. 54 Highway
P.O. Box 311
El Dorado, Kansas 67042