### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### AT WICHITA

| | |
|---|---|
| ROBERT BLAUROCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SOUTHWIND SURGICAL GROUP, ) | |
| BRANDON S. CUNNINGHAM, M.D.; ) | Case No: 6:22-cv-01196-JWB-GEB |
| ALAINA D. DRESSLER, P.A.; BARD ) | |
| DAVOL INC.; CORIZON LLC., CORIZON ) | |
| INC.; CENTURION HEALTH CARE ) | |
| PROVIDER/K.D.O.C., ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF KARA T. STUBBS IN SUPPORT OF DEFENDANT C. R. BARD, INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO <u>MULTIDISTRICT LITIGATION</u>**

I, Kara T. Stubbs declare:

1. I am an attorney duly admitted to practice law in the State of Kansas at the law firm Baker Sterchi Cowden & Rice LLC, counsel for Defendant C. R. Bard, Inc., erroneously sued as Bard Davol Inc., ("Bard") in this action. I have personal knowledge of the facts set forth in this declaration and for those matters for which I do not have personal knowledge, I am informed and believe they are true.

2. On August 2, 2018, the Judicial Panel on Multidistrict Litigation ("JPML") issued a transfer order establishing MDL No. 2846, titled, *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, Case No. 2:18-md-2846-EAS-KAJ ("MDL-2846") (S.D. OH). Pursuant to 28 U.S.C. § 1407, the Transfer Order directed that product liability cases involving Bard's hernia repair products made, at least in part, of polypropylene be

transferred for coordinated pretrial proceedings in the United States District Court for the Southern District of Ohio before the Honorable Edmund A. Sargus.  Attached hereto as Exhibit 1 is a true and correct copy of the August 2, 2018, Transfer Order for MDL 2846.  As of September 15, 2022, there are approximately 17,600 cases centralized in MDL 2846.

3. On July 28, 2022, Plaintiff commenced this action, entitled *Robert Blaurock v. Southwind Surgical et al.,* Case No. BU-2022-CV-000173, in the Kansas District Court, Butler County.

4. Bard was served with the Petition on August 22, 2022.

5. On August 29, 2022, Bard timely and properly removed this action to this Court on based on diversity of citizenship under 28 U.S.C. § 1332.

6. Bard provided notice to the JPML of this action pursuant to Rule 7.1 of the Rules of Procedure of the JPML on August 31, 2022.

7. The JPML issued a Conditional Transfer Order ("CTO"), CTO-98 conditionally transferring this action to MDL 2846 on September 7, 2022.

8. Plaintiff filed a motion to remand titled "Plaintiff's Objection to Defendant's Notice of Removal" on September 14, 2022.

9. Plaintiff filed a notice of opposition to CTO-98 on September 14, 2022.

10. Defendants Brandon Cunningham, M.D., and Alaina Dressler, P.A., filed a notice of opposition to CTO-98 on September 14, 2022.

11. Defendant Centurion of Kansas, LLC filed a notice of opposition to the CTO on September 15, 2022.

12. The JPML set a briefing schedule, and the parties will file briefs to allow the Panel to determine whether the case should be transferred to MDL 2846.

13. Attached hereto as Exhibit 2 is a true and correct copy of the June 11, 2013 Transfer Order in MDL No. 2187, *In re C. R. Bard, Inc. Pelvic Repair Prods. Liab. Litig.* (J.P.M.L. June 11, 2013).

14. Judge Sargus has issued numerous case management orders, including one allowing for direct filing of cases in the MDL.

I declare under penalty of perjury pursuant to the laws of the State of Kansas that all of the foregoing is true and accurate. Executed on this 4th day of October, 2022, in Kansas City, Missouri.

Respectfully submitted,

_____
Kara T. Stubbs                KS # 15805
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone:   (816) 471-2121
Facsimile:   (816) 472-0288
stubbs@bakersterchi.com

**ATTORNEY FOR DEFENDANT
C. R. BARD, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of October, 2022, a true and correct copy of this Declaration In support of Bard's Motion To Stay All Proceedings Pending Transfer To Multidistrict Litigation was served through CM/ECF on all counsel or parties via the Court's filing system and/or by depositing copies of all documents in the United States mail.

    Robert D. Blaurock         #86516
    El Dorado Correctional Facility
    1737 S.E. 54 HWY.
    P.O. Box 311
    El Dorado, KS. 67042

    **PLAINTIFF**

_/s/ [signature]_

# EXHIBIT 1

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: DAVOL, INC./C.R. BARD, INC.,
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2846

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in fifteen of the actions listed on Schedule A pending in seven districts move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Ohio or, alternatively, the Western District of Missouri. Plaintiffs in more than 30 actions support centralization in one or both of these districts. Plaintiffs' motion involves 53 actions pending in 21 districts, as listed on Schedule A.[1] The Panel also has been notified of 69 potentially-related actions ("potential tag-along actions") pending in 27 districts.[2]

Movants take the position that the MDL should not include cases involving the Bard Composix Kugel Hernia Patch ("CK Patch"). Defendants C.R. Bard, Inc. and Davol Inc. do not oppose centralization of litigation involving their polypropylene hernia repair products, but only if all such products (including the CK Patch) are included in centralized proceedings. Defendants suggest the District of New Jersey or the Southern District of New York or, alternatively, the Eastern District of New York, the District of Rhode Island, or the Eastern District of Louisiana as transferee district. Plaintiff in one potential tag-along action opposes inclusion of the CK Patch cases.[3] In reply, movants argue that the transferee court should determine whether the MDL should include CK Patch cases.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Southern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All of the actions share common factual questions arising out of allegations that defects in

---

[*] Judge Lewis A. Kaplan and Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] Two additional actions included in the motion for centralization have been dismissed.

[2] *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] Plaintiffs in two additional potential tag-along actions initially opposed inclusion of the CK Patch cases but withdrew their opposition and now support centralization of all actions in the Southern District of Ohio.

-2-

defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Whether to include the CK Patch cases in centralized proceedings is a question not currently before the Panel, as none of the cases on the motion involve the CK Patch. We will address this question in due course through the conditional transfer order process.

We find that the Southern District of Ohio is an appropriate transferee district. It is centrally located geographically, making it a convenient forum for this nationwide litigation. Eight actions are pending in this district, six of them before Judge Edmund A. Sargus, an experienced transferee judge who will steer these cases on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Ohio are transferred to Southern District of Ohio and, with the consent of that court, assigned to the Honorable Edmund A. Sargus for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
R. David Proctor             Catherine D. Perry

**IN RE: DAVOL, INC./C.R. BARD, INC.,
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION** MDL No. 2846

## SCHEDULE A

<u>District of Arizona</u>

BOURLOKAS v. DAVOL INCORPORATED, ET AL., C.A. No. 2:18-00615

<u>Eastern District of California</u>

SILBER, ET AL. v. DAVOL, INC., ET AL., C.A. No. 1:18-00479
GRESCHNER v. CALIFORNIA DEPARTMENT OF CORRECTIONS &
    REHABILITATION, ET AL., C.A. No. 2:15-01663
HANSEN v. DAVOL, INC., ET AL., C.A. No. 2:18-00495

<u>Southern District of Florida</u>

DAWSON-WEBB v. DAVOL, INC., ET AL., C.A. No. 0:17-62012
BARBAREE v. DAVOL, INC., ET AL., C.A. No. 9:18-80243

<u>Central District of Illinois</u>

MCGINNIS v. C.R. BARD, INC., ET AL., C.A. No. 1:16-01255

<u>Northern District of Illinois</u>

COLEMAN v. DAVOL, INC., C.A. No. 1:18-01706

<u>Eastern District of Kentucky</u>

MOORE v. C.R. BARD, INC., ET AL., C.A. No. 0:17-00132

<u>Western District of Kentucky</u>

WHITEHOUSE v. DAVOL, INC., ET AL., C.A. No. 3:18-00020

<u>Eastern District of Louisiana</u>

STIPELCOVICH v. C.R. BARD, ET AL., C.A. No. 2:17-09656
MCMANUS v. C.R. BARD, ET AL., C.A. No. 2:17-11836
BAPTIST v. C.R. BARD, INC., ET AL., C.A. No. 2:17-12718
ROBERTS, SR., ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:17-13657

- A2 -

**MDL No. 2846 Schedule A (Continued)**

      Eastern District of Louisiana (Cont.)

SANDERS, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02884

      Southern District of Mississippi

DOVE v. DAVOL, INC., ET AL., C.A. No. 3:18-00003

      Eastern District of Missouri

GREENWOOD v. DAVOL, INC., ET AL., C.A. No. 2:17-00039
BROYLES v. DAVOL, INC., ET AL., C.A. No. 4:18-00513

      Western District of Missouri

COUSSAS v. DAVOL, INC., ET AL., C.A. No. 2:18-04015
POWELL v. DAVOL, INC., ET AL., C.A. No. 3:18-05019
LYON v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00039
ELI v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00116
ELLIOT v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00125
HEILI v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00130
MANUEL v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00131
POWELL v. DAVOL, INC., ET AL., C.A. No. 4:18-00156
SCHAPELER v. DAVOL, INC., ET AL., C.A. No. 4:18-00169
CHRISSAN v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00171
ROWE v. C.R. BARD, INC., ET AL., C.A. No. 6:18-03019
LEE v. C.R. BARD, ET AL., C.A. No. 6:18-03075

      District of New Jersey

OGLE v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00819
BURGESS v. C.R. BARD, INC., ET AL., C.A. No. 2:18-01390
SPENCER v. C.R. BARD, INC., ET AL., C.A. No. 2:18-01692
GALLOW v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02533
VOLPE v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02602
ZEMKO v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02742
NEWLAND, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02915

- A3 -

**MDL No. 2846 Schedule A (Continued)**

<ins>District of New Mexico</ins>

NANCE v. C.R. BARD, INC., ET AL., C.A. No. 1:18-00003

<ins>Eastern District of New York</ins>

FURLEITER v. DAVOL, INC., ET AL., C.A. No. 2:18-01229

<ins>Northern District of Ohio</ins>

KNAUSS, ET AL. v. DAVOL, INC., ET AL., C.A. No. 3:18-00316

<ins>Southern District of Ohio</ins>

LANE v. DAVOL, INC., ET AL., C.A. No. 2:18-00164
CURREY v. DAVOL, INC., ET AL., C.A. No. 2:18-00222
ABSHIRE, ET AL. v. DAVOL, INC., ET AL., C.A. No. 2:18-00268

<ins>Eastern District of Pennsylvania</ins>

WROTEN, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:17-04546
GORDON v. C.R. BARD, INC., ET AL., C.A. No. 2:17-04553

<ins>District of South Carolina</ins>

BROWN v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00580
CAMPBELL, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00581
ADAMS v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00582
BRUGGER, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 3:17-00228

<ins>Middle District of Tennessee</ins>

TERRELL v. C.R. BARD, INC., ET AL., C.A. No. 3:17-01575

<ins>Eastern District of Texas</ins>

WILLIAMS v. DAVOL, INC., ET AL., C.A. No. 1:18-00151

- A4 -

**MDL No. 2846 Schedule A (Continued)**

<u>Southern District of Texas</u>

BECERRA v. C.R. BARD, INC., ET AL., C.A. No. 1:18-00023

<u>Southern District of Texas (Cont.)</u>

WADE v. DAVOL, INC., ET AL., C.A. No. 4:18-01112

# EXHIBIT 2

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

| | | |
|---|---|---|
| Cherylene E. Grimsley v. Ernest C. Wynne, III, M.D., et al., D. Maryland, C.A. No. 8:13-00405 | ) ) | MDL No. 2187 |

**TRANSFER ORDER**

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiff moves to vacate our order conditionally transferring this action (*Grimsley*) to MDL No. 2187. Defendant C.R. Bard, Inc. (Bard) opposes the motion to vacate.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2187, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Southern District of West Virginia was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from pelvic surgical mesh products manufactured by Bard and related entities. *See In re: Avaulta Pelvic Supports Sys. Prods. Liab. Litig.*, 746 F. Supp. 2d 1362 (J.P.M.L. 2010); Order Renaming Litigation, MDL No. 2187 (J.P.M.L. Feb. 13, 2012). This action involves injuries from implantation of a Bard pelvic surgical mesh product, and clearly falls within the MDL's ambit.

In support of the motion to vacate, plaintiff argues that *Grimsley* was improperly removed and plaintiff's motion to remand to state court is pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |