# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA

| | |
|---|---|
| ROBERT BLAUROCK,<br><br>    Plaintiff,<br><br>vs.<br><br>SOUTHWIND SURGICAL GROUP, BRANDON S. CUNNINGHAM, M.D.; ALAINA D. DRESSLER, P.A.; BARD DAVOL INC.; CORIZON LLC., CORIZON INC.; CENTURION HEALTH CARE PROVIDER/K.D.O.C.,<br><br>    Defendants. | Case No: 6:22-cv-01196-JWB-GEB |

**DECLARATION OF KARA T. STUBBS IN SUPPORT OF DEFENDANT C. R. BARD, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

I, Kara T. Stubbs declare:

1. I am an attorney duly admitted to practice law in the State of Kansas at the law firm Baker Sterchi Cowden & Rice, LLC, counsel for Defendant C. R. Bard, Inc., erroneously sued as Bard Davol Inc., ("Bard") in this action. I have personal knowledge of the facts set forth in this declaration and for those matters for which I do not have personal knowledge, I am informed and believe they are true.

2. On August 2, 2018, the Judicial Panel on Multidistrict Litigation ("JPML") issued a transfer order establishing MDL No. 2846, titled, *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, Case No. 2:18-md-2846-EAS-KAJ ("MDL-2846") (S.D. OH). Pursuant to 28 U.S.C. § 1407, the Transfer Order directed that product liability cases involving Bard's hernia repair products made, at least in part, of polypropylene be transferred for coordinated pretrial proceedings in the United States District Court for the Southern District of Ohio before the Honorable Edmund A. Sargus. Attached hereto as Exhibit A is a true

and correct copy of the August 2, 2018, Transfer Order for MDL 2846. As of September 15, 2022, there are approximately 17,600 cases centralized in MDL 2846.

3. On July 28, 2022, Plaintiff commenced this action, entitled *Robert Blaurock v. Southwind Surgical et al.,* Case No. BU-2022-CV-000173, in the Kansas District Court, Butler County.

4. Bard was served with the Petition on August 22, 2022.

5. On August 29, 2022, Bard timely and properly removed this action to this Court on based on diversity of citizenship under 28 U.S.C. § 1332.

6. Bard provided notice to the JPML of this action pursuant to Rule 7.1 of the Rules of Procedure of the JPML on August 31, 2022.

7. The JPML issued a Conditional Transfer Order ("CTO"), CTO-98 conditionally transferring this action to MDL 2846 on September 7, 2022.

8. Plaintiff filed a motion to remand titled "Plaintiff's Objection to Defendant's Notice of Removal" on September 14, 2022.

9. Plaintiff and certain Healthcare Defendants filed notices of opposition to CTO-98.

10. The JPML set a briefing schedule, and the parties will file briefs to allow the Panel to determine whether the case should be transferred to MDL 2846.

I declare under penalty of perjury pursuant to the laws of the State of Kansas that all of the foregoing is true and accurate. Executed on this 7th day of October 2022 in Kansas City, Missouri.

BAKER STERCHI COWDEN & RICE, LLC

*/s/ Kara J. Stubbs*
Kara T. Stubbs         KS #15805
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone:  (816) 471-2121
Facsimile:  (816) 472-0288
stubbs@bakersterchi.com

**ATTORNEY FOR DEFENDANT C. R. BARD, INC.**

# *Exhibit A*

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: DAVOL, INC./C.R. BARD, INC.,
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2846

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in fifteen of the actions listed on Schedule A pending in seven districts move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Ohio or, alternatively, the Western District of Missouri. Plaintiffs in more than 30 actions support centralization in one or both of these districts. Plaintiffs' motion involves 53 actions pending in 21 districts, as listed on Schedule A.[1] The Panel also has been notified of 69 potentially-related actions ("potential tag-along actions") pending in 27 districts.[2]

Movants take the position that the MDL should not include cases involving the Bard Composix Kugel Hernia Patch ("CK Patch"). Defendants C.R. Bard, Inc. and Davol Inc. do not oppose centralization of litigation involving their polypropylene hernia repair products, but only if all such products (including the CK Patch) are included in centralized proceedings. Defendants suggest the District of New Jersey or the Southern District of New York or, alternatively, the Eastern District of New York, the District of Rhode Island, or the Eastern District of Louisiana as transferee district. Plaintiff in one potential tag-along action opposes inclusion of the CK Patch cases.[3] In reply, movants argue that the transferee court should determine whether the MDL should include CK Patch cases.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Southern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All of the actions share common factual questions arising out of allegations that defects in

---

[*] Judge Lewis A. Kaplan and Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] Two additional actions included in the motion for centralization have been dismissed.

[2] *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] Plaintiffs in two additional potential tag-along actions initially opposed inclusion of the CK Patch cases but withdrew their opposition and now support centralization of all actions in the Southern District of Ohio.

-2-

defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Whether to include the CK Patch cases in centralized proceedings is a question not currently before the Panel, as none of the cases on the motion involve the CK Patch. We will address this question in due course through the conditional transfer order process.

We find that the Southern District of Ohio is an appropriate transferee district. It is centrally located geographically, making it a convenient forum for this nationwide litigation. Eight actions are pending in this district, six of them before Judge Edmund A. Sargus, an experienced transferee judge who will steer these cases on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Ohio are transferred to Southern District of Ohio and, with the consent of that court, assigned to the Honorable Edmund A. Sargus for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell           Charles R. Breyer
R. David Proctor              Catherine D. Perry

IN RE: DAVOL, INC./C.R. BARD, INC.,
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2846

## SCHEDULE A

<u>District of Arizona</u>

BOURLOKAS v. DAVOL INCORPORATED, ET AL., C.A. No. 2:18-00615

<u>Eastern District of California</u>

SILBER, ET AL. v. DAVOL, INC., ET AL., C.A. No. 1:18-00479
GRESCHNER v. CALIFORNIA DEPARTMENT OF CORRECTIONS &
    REHABILITATION, ET AL., C.A. No. 2:15-01663
HANSEN v. DAVOL, INC., ET AL., C.A. No. 2:18-00495

<u>Southern District of Florida</u>

DAWSON-WEBB v. DAVOL, INC., ET AL., C.A. No. 0:17-62012
BARBAREE v. DAVOL, INC., ET AL., C.A. No. 9:18-80243

<u>Central District of Illinois</u>

MCGINNIS v. C.R. BARD, INC., ET AL., C.A. No. 1:16-01255

<u>Northern District of Illinois</u>

COLEMAN v. DAVOL, INC., C.A. No. 1:18-01706

<u>Eastern District of Kentucky</u>

MOORE v. C.R. BARD, INC., ET AL., C.A. No. 0:17-00132

<u>Western District of Kentucky</u>

WHITEHOUSE v. DAVOL, INC., ET AL., C.A. No. 3:18-00020

<u>Eastern District of Louisiana</u>

STIPELCOVICH v. C.R. BARD, ET AL., C.A. No. 2:17-09656
MCMANUS v. C.R. BARD, ET AL., C.A. No. 2:17-11836
BAPTIST v. C.R. BARD, INC., ET AL., C.A. No. 2:17-12718
ROBERTS, SR., ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:17-13657

- A2 -

**MDL No. 2846 Schedule A (Continued)**

<u>Eastern District of Louisiana (Cont.)</u>

SANDERS, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02884

<u>Southern District of Mississippi</u>

DOVE v. DAVOL, INC., ET AL., C.A. No. 3:18-00003

<u>Eastern District of Missouri</u>

GREENWOOD v. DAVOL, INC., ET AL., C.A. No. 2:17-00039
BROYLES v. DAVOL, INC., ET AL., C.A. No. 4:18-00513

<u>Western District of Missouri</u>

COUSSAS v. DAVOL, INC., ET AL., C.A. No. 2:18-04015
POWELL v. DAVOL, INC., ET AL., C.A. No. 3:18-05019
LYON v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00039
ELI v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00116
ELLIOT v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00125
HEILI v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00130
MANUEL v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00131
POWELL v. DAVOL, INC., ET AL., C.A. No. 4:18-00156
SCHAPELER v. DAVOL, INC., ET AL., C.A. No. 4:18-00169
CHRISSAN v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00171
ROWE v. C.R. BARD, INC., ET AL., C.A. No. 6:18-03019
LEE v. C.R. BARD, ET AL., C.A. No. 6:18-03075

<u>District of New Jersey</u>

OGLE v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00819
BURGESS v. C.R. BARD, INC., ET AL., C.A. No. 2:18-01390
SPENCER v. C.R. BARD, INC., ET AL., C.A. No. 2:18-01692
GALLOW v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02533
VOLPE v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02602
ZEMKO v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02742
NEWLAND, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02915

- A3 -

**MDL No. 2846 Schedule A (Continued)**

      District of New Mexico

NANCE v. C.R. BARD, INC., ET AL., C.A. No. 1:18-00003

      Eastern District of New York

FURLEITER v. DAVOL, INC., ET AL., C.A. No. 2:18-01229

      Northern District of Ohio

KNAUSS, ET AL. v. DAVOL, INC., ET AL., C.A. No. 3:18-00316

      Southern District of Ohio

LANE v. DAVOL, INC., ET AL., C.A. No. 2:18-00164
CURREY v. DAVOL, INC., ET AL., C.A. No. 2:18-00222
ABSHIRE, ET AL. v. DAVOL, INC., ET AL., C.A. No. 2:18-00268

      Eastern District of Pennsylvania

WROTEN, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:17-04546
GORDON v. C.R. BARD, INC., ET AL., C.A. No. 2:17-04553

      District of South Carolina

BROWN v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00580
CAMPBELL, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00581
ADAMS v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00582
BRUGGER, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 3:17-00228

      Middle District of Tennessee

TERRELL v. C.R. BARD, INC., ET AL., C.A. No. 3:17-01575

      Eastern District of Texas

WILLIAMS v. DAVOL, INC., ET AL., C.A. No. 1:18-00151

- A4 -

**MDL No. 2846 Schedule A (Continued)**

<u>Southern District of Texas</u>

BECERRA v. C.R. BARD, INC., ET AL., C.A. No. 1:18-00023

<u>Southern District of Texas (Cont.)</u>

WADE v. DAVOL, INC., ET AL., C.A. No. 4:18-01112