# EXHIBIT 2

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DAVOL, INC./C.R. BARD, INC.,
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION                                            MDL No. 2846


**TRANSFER ORDER**


      **Before the Panel:**[*] Plaintiff in the action listed on Schedule A moves under Panel Rule 7.1 to vacate our order that conditionally transferred his action (*Montalbano*) to the Southern District of Ohio for inclusion in MDL No. 2846. Defendant C.R. Bard, Inc. (Bard) opposes the motion.

      After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 2846, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiff does not dispute that, like many of the already-centralized actions, the complaint in *Montalbano* involves factual questions arising out of allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients including, inter alia, adhesions, damage to organs, and infections. *See In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, 316 F. Supp. 3d 1380 (J.P.M.L. 2018). Plaintiff alleges the decedent was implanted with a Bard hernia repair device and, consequently, suffered injury.

      In support of the motion to vacate, plaintiff argues that removal of the action was improper, and the transferor court should decide his motion for remand to state court. The Panel has held that jurisdictional objections generally do not present an impediment to transfer.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

      Plaintiff also argues that transfer will cause him, as well as the non-Bard healthcare defendants, inconvenience. The Panel has held repeatedly that transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole, even if it might

---

[*]     Judges Nathaniel M. Gorton, David C. Norton, and Roger T. Benitez took no part in the decision of this matter.

[1]     Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

inconvenience some parties to that action. *See, e.g., In re Crown Life Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

      IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable Edmund A. Sargus, Jr., for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly      Dale A. Kimball
Madeline Cox Arleo

**IN RE: DAVOL, INC./C.R. BARD, INC.,**
**POLYPROPYLENE HERNIA MESH**
**PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2846

## SCHEDULE A

<u>District of Arizona</u>

MONTALBANO v. HONOR HEALTH, ET AL., C.A. No. 2:22−01112