IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA

| | |
|---|---|
| ROBERT D. BLAUROCK, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs.                            ) | Case No. 6:22-CV-01196-JWB-GEB |
| ) | |
| SOUTHWIND SURGICAL GROUP, ) | |
| BRANDON S. CUNNINGHAM, M.D., ) | |
| ALAINA D. DRESSLER, P.A., ) | |
| BARD DAVOL INC., CORIZON LLC, ) | |
| CORIZON INC., CENTURION HEALTH ) | |
| CARE PROVIDER/K.D.O.C.,        ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANTS' REPSONSE TO PLAINTIFF'S REQUEST FOR A
MEDICAL MALPRACTICE SCREENING PANEL**

Defendants Brandon Cunningham, M.D. and Alaina Dresslar, P.A., by and through undersigned counsel, hereby oppose Plaintiff's Request for a Medical Malpractice Screening Panel. In support thereof, Defendants state as follows:

**NATURE OF THE MATTER BEFORE THE COURT**

Plaintiff has requested a medical malpractice screening panel to review his claims in this case. This request is futile as Plaintiff's claims are barred by the statute of limitations and must be dismissed. Furthermore, Plaintiff's request goes beyond the scope of medical malpractice screening panels as he essentially seeks a panels assistance in conducting discovery and other pre-trial matters. A screening panel is not authorized to perform such tasks. Additionally, Plaintiff requests any costs accrued in securing a screening panel be assessed against the Defendants. It is well settled that in civil litigation each party bears its own costs. Furthermore, costs accrued in

1

medical malpractice screening panels are to be assessed against the prevailing party. For these reasons, Plaintiff's Motion should be denied.

## ARGUMENT AND AUTHORITIES

### I.  A medical malpractice screening panel is futile in this case because Plaintiff has failed to state a claim upon which relief can be granted.

As set out in Defendants' Motion to Dismiss, which Defendants hereby incorporate herein by reference[1], Plaintiff's medical malpractice claims are barred by the statute of limitations. Despite Plaintiff's declarations that his claims are timely, the reality is that Plaintiff's Petition was filed almost four years after the care at issue was provided and several months after the statute of limitations had run. A medical malpractice screening panel will not be able to provide any basis upon which this case could proceed on its merits.

A viable medical malpractice cause of action is required in order to convene a medical malpractice screening panel. *See Webber v. Schmidt*, 119 P.3d 1187, 2005 WL 2347803, at *3 (Kan. Ct. App. 2005)(finding medical malpractice screening panel was correctly terminated because the Plaintiff's medical malpractice claim failed as a matter of law); *see also Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 U.S. Dist. LEXIS 117790, at *11 (D. Kan. June 24, 2021)(discussing reasoning for quashing medical malpractice screening panel, which in part was because it was questionable if Plaintiff even had a viable medical malpractice claim). Thus, Plaintiff's request for a screening panel to review the care provided by Defendants Dr. Cunningham and P.A. Dresslar is futile and should be denied.

---

[1] *See* Docket Nos. 6 and 7 (Motion to Dismiss and Memorandum in Support by Defendants Brandon S. Cunningham, Alaina Dresslar, dated 9/12/2022) and Docket No. 12 (Memorandum in Support of Motion to Dismiss (Amended) by Defendants Brandon S. Cunningham, Alaina Dresslar, dated 9/15/2022).

## II. Plaintiff's request seeks information beyond the scope of medical malpractice screening panels.

In support of his request for screening panel, Plaintiff claims that a panel would be able to make inquiries to potential witnesses, develop information, and investigate a variety of matters. Plaintiff is essentially requesting a panel in order to conduct discovery. To be clear, a medical malpractice screening panel is not a mechanism to conduct discovery. Rather, a panel is tasked with reviewing relevant medical records and written contentions of the parties to determine whether there was a departure in the standard of care and a causal relationship between such departure and damages suffered by the claimant.  K.S.A. 65-4903; Kan. Sup. Ct. Rule 142(l)(8). There is no statutory or other authority which would allow a screening panel to consider anything outside of the medical records and the parties' written contentions. Therefore, Plaintiff's request falls outside the bounds of a medical malpractice screening panel and should be denied.

## III. Plaintiff's request for costs to be assessed against Defendants is not supported by the law.

Although Plaintiff requests that all costs of the screening panel – that he requested – be assessed against the Defendants, he has failed to provide any authority to support his request. The absence of this authority in Plaintiff's motion is because it does not exist.  Rather, it is well settled that litigants in civil actions bear the cost of their own prosecution and defense. *See Fox v. Vice*, 563 U.S. 826, 832, 131 S. Ct. 2205, 2213 (2011)(stating "our legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses. Indeed, this principle is so firmly entrenched that it is known as the 'American Rule.'"); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 115, 125 S. Ct. 1453, 1455 (2005)(stating "absent express provision to the contrary, litigants must bear their own costs).

Medical malpractice screening panels are creatures of statute, and the Kansas Medical Malpractice Screening Panels Act is set out in K.S.A. 65-4901 *et. seq*. Section 65-4907 explicitly

provides that "costs of the panel including travel expenses and other expenses of the review shall be paid by the side in whose favor the majority opinion is written." If the Panel does not make a recommendation, "then each side shall pay 1/2 of the costs." K.S.A. 65-4907(b). "No discretion is vested in the district court to deviate from assessing the prevailing party." *Johnson v. Mehta*, 266 Kan. 1060, 1065, 974 P.2d 597, 600 (1999). Thus, Plaintiff's request for Defendants to bear the costs of a screening panel is improper.

## CONCLUSION

For the reasons outlined above, Defendants Brandon Cunningham, M.D. and Alaina Dresslar, P.A. respectfully request the Court deny Plaintiff's Motion for a Medical Malpractice Screening Panel.

Respectfully submitted,

SIMPSON, LOGBACK, LYNCH, NORRIS, P.A.

By: */s/ Kemper Bogle*
Lawrence J. Logback, KS #16608
Casey L. Walker, KS #25965
Kemper A. Bogle, KS #29388
7400 W. 110th St., Suite 600
Overland Park, KS 66210
Telephone: (913) 342-2500
Facsimile: (913) 342-0603
Email:   llogback@slln.com
         cwalker@slln.com
         kbogle@slln.com
ATTORNEYS FOR DEFENDANTS
BRANDON CUNNINGHAM, M.D. AND
ALAINA DRESSLAR, P.A.

4

## **CERTIFICATE OF SERVICE**

       This will certify that the above document was filed electronically with the Court and a copy sent via U.S. Mail, postage prepaid, this 3rd day of November 2022, to:

    Robert D. Blaurock
    E.D.C.F. P.O. Box 311
    El Dorado, Kansas 67042

And via email to:

    Kara T. Stubbs
    Baker Sterchi Cowden & Rice, LLC
    2400 Pershing Road, Suite 500
    Kansas City, MO 64108
    stubbs@bakersterchi.com
    *Attorney for C.R. Bard, Inc.*

    John Hicks
    Bryan Cox
    Norris Keplinger Hicks & Welder, LLC
    11551 Ash Street, Suite 200
    Leawood, KS 66211
    jh@nkfirm.com
    bcox@nkfirm.com
    *Attorneys for Centurion of Kansas, LLC*

    Roger W. Slead
    Richard M. Acosta
    Horn Aylward & Bandy, LLC
    2600 Grand Boulevard, Suite 1100
    Kansas City, Missouri 64108
    rslead@hab-law.com
    racosta@hab-law.com
    *Attorneys for Corizon, Inc. and Corizon, LLC*

                                            */s/  Kemper Bogle*
                                             Attorney